■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND BOYD, Appellant. [654 NYS2d 71] —Judgment unanimously affirmed. Memorandum: Defendant contends that a hearing must be held to determine whether the prosecutor's use of a peremptory challenge to strike a prospective black juror from the panel constituted purposeful discrimination (see, Batson v Kentucky, 476 US 79, 94; People v Jenkins, 75 NY2d 550, 559-560). We disagree. The record establishes that, after 11 jurors were sworn, a new panel was examined to fill the 12th seat on the jury and to select alternate jurors. Preliminary questions were asked by County Court, including whether any member of the panel knew any of the parties. The sole black venire person responded that he knew defendant. Upon further questioning, he indicated that he had known defendant for approximately 12 years, that he spoke to defendant, and that he classified defendant as a friend. The venire person also stated that he did not really socialize with defendant and that the fact that he considered defendant a friend would not influence his judgment. During questioning by the District Attorney, the venire person indicated that he knew defendant through defendant's father and that he did not know defendant "that well." He also retracted his prior statement that defendant was a friend. The District Attorney subsequently used a peremptory challenge to strike the venire person. When defense counsel objected on Batson grounds, the court stated that defense counsel had to show a pattern of conduct. Defense counsel responded that the District Attorney struck the only black venire person on the panel.

The court properly denied defendant's motion. Defendant failed to establish a prima facie case of discrimination by articulating a sound factual basis sufficient to raise an infer-

ence that the prosecutor had used his peremptory challenge to preclude the venire person because of his race (*see, People v Childress*, 81 NY2d 263, 267-268; *People v Rumph*, 202 AD2d 1035, 1036, *lv denied* 83 NY2d 876). In any event, we conclude that, in response to defendant's subsequent motion to set aside the verdict based upon a *Batson* violation, the District Attorney set forth a racially neutral explanation for the peremptory challenge of the venire person. The fact that the explanation was not given until after the jury verdict is immaterial; no particular procedure for considering a *Batson* challenge is required so long as the substantive principles of *Batson* are satisfied (*see, People v Hameed*, 88 NY2d 232, 237, *cert denied* — US —, 117 S Ct 704).

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Oneida County Court, Donalty, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Denman, P. J., Lawton, Fallon, Doerr and Balio, JJ.