■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEUKA M. FIELDS, Appellant. [668 NYS2d 135] —Judgment unanimously affirmed. Memorandum: Defendant appeals from

a judgment convicting him of two counts of robbery in the first degree (Penal Law § 160.15 [4]), arising from the gunpoint robbery of two victims in the City of Syracuse. Defendant contends that Supreme Court erred in determining that the prosecutor's peremptory challenge to the only African-American prospective juror did not constitute a *Batson* violation (*see, Batson v Kentucky,* 476 US 79, 96-98). Even assuming, arguendo, that defendant met his initial burden of establishing a prima facie case of discrimination, we conclude that the court properly determined that the prosecutor provided a race-neutral explanation for that challenge (*see, People v Boyd,* 236 AD2d 833, *lv denied* 89 NY2d 1089).

Defendant further contends that he was denied a fair trial by prosecutorial misconduct on summation. Defense counsel failed to object to various instances of the alleged misconduct, thereby failing to preserve those instances for our review (*see,* CPL 470.05 [2]). With respect to those instances of alleged misconduct that are preserved for our review, we conclude that defendant was not thereby denied a fair trial (*see, People v Halm,* 81 NY2d 819, 821).

Viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we conclude that it is legally sufficient to support the jury's verdict. Additionally, upon weighing the relative probative force of the conflicting evidence presented, we conclude that the verdict is not contrary to the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495; *People v Long,* 224 AD2d 949, *lv denied* 88 NY2d 967). (Appeal from Judgment of Supreme Court, Onondaga County, Brunetti, J.—Robbery, 1st Degree.) Present—Denman, P. J., Hayes, Callahan and Fallon, JJ.