■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN B. BROWN, Appellant. (Appeal No. 2.) [685 NYS2d 157] —Judgment unanimously affirmed. Memorandum: Defendant's conviction of burglary in the third degree (Penal Law § 140.20) is not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495). We reject the contention of defendant that he was denied effective assistance of counsel. Upon our review of the law and the circumstances of this case, we conclude that the representation received by defendant was meaningful (see, People v Baldi, 54 NY2d 137, 147; People v Trait, 139 AD2d 937, 938, lv denied 72 NY2d 867; see also, People v Rivera, 71 NY2d 705, 708-709). We also reject defendant's contention that a new trial is required because the prosecutor's use of a peremptory challenge to strike a prospective black juror from the jury panel constituted purposeful discrimination (see, Batson v Kentucky, 476 US 79). Defendant failed to establish a prima facie case of discrimination by articulating facts sufficient to raise an inference that the prosecutor used his peremptory challenge to preclude a venire person of defendant's race (see, People v Childress, 81 NY2d 263, 267-268; People v Rumph, 202 AD2d 1035, 1036, lv denied 83 NY2d 876). In any event, in response to defendant's Batson motion, the prosecutor explained that he struck the juror because she indicated that an individual's prior criminal record would not have an impact on her judgment of that individual's credibility. The prosecutor thereby provided a race-neutral explanation for the peremptory challenge (see generally, People v Allen, 86 NY2d 101, 109-110; People v Boyd, 236 AD2d 833, lv denied 89 NY2d 1089).

Defendant failed to preserve for our review his contention that his right to a fair trial was violated because he was required to wear jail attire at trial (see, People v Owens, 251 AD2d 1037; People v Grimes, 112 AD2d 711, 712). Finally, we conclude that defendant's sentence is neither unduly harsh nor severe. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Burglary, 3rd Degree.) Present—Denman, P. J., Pine, Pigott, Jr., Callahan and Boehm, JJ.