THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY L. BONNER, JR., Appellant. [684 NYS2d 364] —Judgment unanimously affirmed. Memorandum: Defendant was convicted of burglary in the first and second degrees (Penal Law § 140.30 [2]; § 140.25) and other crimes arising out of three separate incidents at the home of the victim, defendant's former girlfriend. Supreme Court properly denied defendant's *Batson* motion (*see, Batson v Kentucky,* 476 US 79). When questioned about her use of a peremptory challenge to remove an Afro-American juror, the prosecutor indicated that the juror was acquainted with defendant and had indicated on his questionnaire that he had difficulty reading and understanding English. The prosecutor's reasons for the. exercise of the challenge were race-neutral and did not violate defendant's equal protection rights (*see, People v Allen,* 86 NY2d 101, 109; *People v Boyd,* 236 AD2d 833, 834, *lv denied* 89 NY2d 1089).

The court properly submitted to the jury the counts charging aggravated criminal contempt and criminal contempt in the first degree. Contrary to defendant's contention, the evidence is sufficient to support a determination that defendant's actions violated an order of protection "of which the defendant ha[d]

actual knowledge because he * * * was present in court when such order was issued" (Penal Law § 215.51 [b]; § 215.52), and that defendant had notice of the term of the order that he was accused of violating (cf., People v McCowan, 85 NY2d 985, 987).

The conviction of burglary in the first and second degrees is supported by sufficient evidence that defendant unlawfully entered the victim's apartment with the intent to commit a crime therein (see, People v Bleakley, 69 NY2d 490, 495). Defendant failed to preserve for our review his present contention that the conviction of burglary in the first degree, assault in the second degree and aggravated criminal contempt is not supported by sufficient evidence that the victim sustained physical injury as defined in Penal Law § 10.00 (9) (see, CPL 470.05 [2]). Were we to review the issue as a matter of discretion in the interest of justice, we would conclude that the evidence of physical injury is sufficient.

By failing to request that the court omit the "unlawfully remaining" language from its proposed charge and to object to the charge as given on that ground, defendant failed to preserve for our review his present contention that the court's instructions on the burglary counts were erroneous. We decline to review that contention as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]).

By failing to request dismissal of the count charging assault in the second degree (Penal Law § 120.05 [6]), defendant failed to preserve for our review his contention that assault in the second degree is an inclusory concurrent count of burglary in the first degree (Penal Law § 140.30 [2]), predicated upon physical injury to the victim (see, People v Jordan, 93 AD2d 871). We likewise decline to review that contention as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]).

The sentence is neither unduly harsh nor severe. We have examined defendant's remaining argument and conclude that it is without merit. (Appeal from Judgment of Supreme Court, Onondaga County, Brunetti, J.—Burglary, 1st Degree.) Present—Denman, P. J., Pine, Pigott, Jr., Balio and Fallon, JJ.