THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFTON GORDON, Also Known as BIGHEAD, Appellant. [716 NYS2d 839] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that he was denied a fair trial by prosecutorial misconduct. The alleged incident of misconduct concerning the Grand Jury proceedings is not preserved for our review because defendant failed to move to dismiss the indictment under CPL 210.35 (5) (*see, People v Sheltray*, 244 AD2d 854, *lv denied* 91 NY2d 897; *People v Gilliam*, 172 AD2d 1037, *lv denied* 78 NY2d 966). In any event, defendant's contention is directed at the conduct of the prosecutor during the Grand Jury proceeding of the codefendant, not defendant. Defendant further contends that the prosecutor engaged in misconduct by questioning a witness about a gun found in defendant's possession. The prosecutor did not thereby engage in misconduct and, in any event, County Court granted defendant's request to preclude the People from any further mention of that gun. Contrary to defendant's contention, the prosecutor did not mislead the jury regarding alleged agreements made with two witnesses. Finally, defendant failed to preserve for our review his contention that the prosecutor engaged in misconduct on summation (*see, People v Fields*, 244 AD2d 955, 956). In any event, defendant was not denied a fair trial by those alleged instances of misconduct (*see generally, People v Halm*, 81 NY2d 819, 821).

The court's charge to the jury did not change the theory of the prosecution. The indictment alleged that defendant, while acting in concert with others, intentionally caused the death of the victim, and the court properly charged the jury concerning both principal and accessorial liability (*see, People v Rivera*, 84

NY2d 766, 769-771; *People v Guidice,* 83 NY2d 630, 636-637). We reject the contention of defendant that the court erred in denying his request to charge the jury that two witnesses were interested witnesses as a matter of law. Those witnesses denied any promises of leniency made to them, and thus the evidence did not support a determination that they were interested as a matter of law (*cf., People v Jackson,* 74 NY2d 787, 789-790). Rather, the court properly instructed the jury that it could consider the interest of any witness in assessing credibility (*see, People v Inniss,* 83 NY2d 653, 659; *People v Cullen,* 175 AD2d 658, 659, *lv denied* 78 NY2d 1010; *People v Alvarado,* 140 AD2d 446, *lv denied* 72 NY2d 915). (Appeal from Judgment of Onondaga County Court, Burke, J.—Murder, 2nd Degree.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Balio and Lawton, JJ.