[979 NE2d 1187, 955 NYS2d 860]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMIL BEST, Appellant.

Argued October 11, 2012; decided November 20, 2012

**POINTS OF COUNSEL**

*Legal Aid Society of Nassau County*, Hempstead (*Tammy Feman, Kent V. Moston* and *Jeremy L. Goldberg* of counsel), for appellant. I. Appellant was denied a fair trial where he was handcuffed and shackled during his misdemeanor bench trial without basis in the record. (*People v Cruz*, 17 NY3d 941; *People v Clyde*, 18 NY3d 145; *Deck v Missouri*, 544 US 622; *People v Neu*, 124 AD2d 885; *Illinois v Allen*, 397 US 337; *In re Gault*, 387 US 1; *People v Buchanan*, 13 NY3d 1; *People v Thomas*, 125 AD2d 873; *Davidson v Riley*, 44 F3d 1118; *People v Mendola*, 2 NY2d 270.) II. The District Court information charging appellant

with endangering the welfare of a child is jurisdictionally insufficient. Accordingly, the conviction should be reversed and the accusatory instrument dismissed. (*People v Casey*, 95 NY2d 354; *People v Henderson*, 92 NY2d 677; *People v Alejandro*, 70 NY2d 133; *People v Hall*, 48 NY2d 927; *People v Dumas*, 68 NY2d 729; *People v Seward*, 173 Misc 2d 1020; *People v Walker*, 21 Misc 3d 748; *People v Taylor*, 23 Misc 3d 361; *People v Mercado*, 184 Misc 2d 40; *People v Cenat*, 176 Misc 2d 39.) III. The trial court erroneously denied appellant's application for a subpoena duces tecum for the complainant's school disciplinary records. (*People v Gissendanner*, 48 NY2d 543; *People v Kozlowski*, 11 NY3d 223; *People v Bugayong*, 182 AD2d 450; *People v Reynolds*, 193 Misc 2d 697; *People v Knowell*, 127 AD2d 794; *People v Ehigie*, 6 Misc 3d 1008[A], 2004 NY Slip Op 51754[U]; *People v Flynn*, 79 NY2d 879.) IV. Appellant was not proven guilty beyond a reasonable doubt; the evidence was insufficient as a matter of law; the trial court erroneously denied appellant's trial order of dismissal. (*Jackson v Virginia*, 443 US 307; *People v Contes*, 60 NY2d 620; *People v Taylor*, 94 NY2d 910; *People v Allah*, 71 NY2d 830; *People v Simmons*, 92 NY2d 829; *People v Hitchcock*, 98 NY2d 586; *People v Payne*, 3 NY3d 266; *People v Camacho*, 209 AD2d 534; *Tibbs v Florida*, 457 US 31; *People v Rayam*, 94 NY2d 557.)

*Kathleen M. Rice, District Attorney*, Mineola (*Joanna Hershey* and *Robert A. Schwartz* of counsel), for respondent. I. The evidence was legally sufficient to prove defendant's guilt beyond a reasonable doubt. (*People v Contes*, 60 NY2d 620; *People v Samuels*, 99 NY2d 20; *People v Henderson*, 282 AD2d 102; *Matter of Lavar D.*, 90 NY2d 963; *People v Norman*, 85 NY2d 609; *People v Khan*, 18 NY3d 535; *People v Simmons*, 92 NY2d 829; *People v Rice*, 17 NY2d 881; *People v Spencer*, 66 Misc 2d 658; *People v Doe*, 137 Misc 2d 582.) II. Despite defendant's unpreserved claim to the contrary, he was not denied a fair trial because he was handcuffed during his bench trial; moreover, any error was harmless. (*People v Luperon*, 85 NY2d 71; *People v Dien*, 77 NY2d 885; *People v Osuna*, 65 NY2d 822; *People v Andrade*, 87 AD3d 160; *People v Johnston*, 43 AD3d 1273; *People v Santiago*, 52 NY2d 865; *People v Gray*, 278 AD2d 151; *People v Barney*, 99 NY2d 367; *People v Becoats*, 17 NY3d 643; *People v Rouse*, 79 NY2d 934.) III. The accusatory instrument charging defendant with endangering the welfare of a child was jurisdictionally sufficient. (*People v Alejandro*, 70 NY2d 133; *People v Kalin*, 12 NY3d 225; *People v Konieczny*, 2 NY3d 569; *People v Casey*, 95 NY2d 354; *People v Rozario*, 20 Misc 3d 76; *People v Johnson*,

93 NY2d 254; *People v Clinkscales*, 3 Misc 3d 333; *People v Mizell*, 72 NY2d 651; *People v Simmons*, 92 NY2d 829; *People v Rice*, 17 NY2d 881.) IV. Defendant abandoned his request for a subpoena duces tecum by not renewing his motion during the victim's testimony; in any event, the court properly denied his earlier requests without prejudice to renew because the victim's school disciplinary records were not shown to be relevant. (*People v Russell*, 71 NY2d 1016; *People v Billip*, 65 AD3d 430; *People v Graves*, 85 NY2d 1024; *People v Baumann & Sons Buses, Inc.*, 6 NY3d 404; *People v Kozlowski*, 11 NY3d 223; *People v Gissendanner*, 48 NY2d 543; *People v Reddick*, 43 AD3d 1334; *People v Simmons*, 92 NY2d 829; *People v Crimmins*, 38 NY2d 407.)

## OPINION OF THE COURT

CIPARICK, J.

In this appeal, we must determine whether defendant's conviction should be overturned because the trial court restrained defendant during the course of his bench trial without articulating a specific justification for doing so. We hold that the rule governing visible restraints in jury trials applies with equal force to nonjury trials and that District Court erred in failing to state a basis on the record for keeping defendant handcuffed throughout these proceedings. Based upon our recent holding in *People v Clyde* (18 NY3d 145 [2011]), however, we conclude that the constitutional error committed here was harmless.

Defendant Emil Best was charged with endangering the welfare of a child (Penal Law § 260.10 [1]) based upon an allegation that he offered a 12-year-old boy $50 to expose his penis. In a written statement wherein defendant waived his *Miranda* rights, he admitted that he made the alleged offer, although he claimed to have done so in jest. The record reflects that defendant appeared for his *Sandoval* hearing with his hands cuffed behind his back. At the start of the hearing, defense counsel "request[ed] that [defendant's] handcuffs be removed." District Court "grant[ed] the request to the extent [of asking] the officers to handcuff him in front." Thereafter, defendant waived his right to a jury trial. At the start of trial, defense counsel requested that the court remove defendant's handcuffs and shackles. The court again "direct[ed] that the defendant be

handcuffed in front."* On the second day of trial, defense counsel reiterated her request "that [defendant's] handcuffs be removed." Again, the court "direct[ed] the officers to handcuff the defendant in the front." In addition to defendant's written statement, the People offered testimony by the then 14-year-old complainant, who stated that defendant offered him money to expose himself while the two were riding in the backseat of a car. Complainant testified that he felt "violated" by the incident and began counseling as a result of it. District Court convicted defendant. Appellate Term upheld the conviction, rejecting defendant's claim that the trial court erred in ordering that defendant remain handcuffed during the proceedings (*People v Best*, 31 Misc 3d 141[A], 2011 NY Slip Op 50826[U] [App Term 2011]). A Judge of this Court granted defendant leave to appeal (17 NY3d 951 [2011]), and we now affirm on harmless error grounds.

A trial court that restrains a defendant during criminal proceedings must state a particularized reason for doing so on the record. In *Deck v Missouri* (544 US 622 [2005]), the United States Supreme Court declared that the Federal Constitution "forbid[s] routine use of visible shackles during the guilt phase" of a trial and "permits a State to shackle a criminal defendant only in the presence of a special need" (*id.* at 626). Accordingly, the use of visible restraints must be "justified by an essential state interest . . . specific to the defendant on trial" (*id.* at 624 [internal quotation marks omitted]), and where the court fails to provide such justification "the defendant need not demonstrate actual prejudice to make out a due process violation" (*id.* at 635). Consistent with *Deck*, we held in *Clyde* that, as a matter of both federal and state constitutional law, "[a] defendant has the right to be free of visible shackles, unless there has been a case-specific, on-the-record finding of necessity" (18 NY3d at 153; *see also People v Cruz*, 17 NY3d 941, 944-945 [2011] [holding that the use of leg shackles without an independent judicial determination regarding the need for them violated defendant's constitutional rights under *Deck*]).

The People contend that the rule of *Deck*, *Clyde* and *Cruz* is inapplicable to defendant's case because he was tried by the court rather than by a jury. We see no basis for such a distinction. In *Deck*, the United States Supreme Court explained that "[j]udicial hostility to shackling . . . giv[es] effect to three

---

* The record does not indicate whether defendant remained shackled.

fundamental legal principles" (*id.* at 630): (1) preserving the presumption of innocence to which every criminal defendant is entitled; (2) ensuring that the defendant is able to participate meaningfully in his or her defense; and (3) maintaining the dignity of the judicial process (*see id.* at 630-631). The routine and unexplained use of visible restraints does violence to each of these principles, essential pillars of a fair and civilized criminal justice system that are no less implicated when the factfinder is the trial judge rather than a jury.

It is true, as the Appellate Term observed, that " '[u]nlike a lay jury, a Judge . . . is uniquely capable of . . . making an objective determination based upon appropriate legal criteria, despite awareness of facts which cannot properly be relied upon in making the decision' " (*Best*, 2011 NY Slip Op 50826[U] at *1, quoting *People v Moreno*, 70 NY2d 403, 406 [1987]). Nonetheless, judges are human, and the sight of a defendant in restraints may unconsciously influence even a judicial factfinder. Moreover, the psychological impact on the defendant of being continually restrained at the order of the individual who will ultimately determine his or her guilt should not be overlooked. Nor should we ignore the way the image of a handcuffed or shackled defendant affects the public's perception of that person and of criminal proceedings generally.

Here, District Court articulated no justification, let alone one specific to defendant, for ordering defendant's continual restraint. While such a basis may very well have existed, the court's failure to say so on the record constitutes a violation of defendant's constitutional rights under *Deck*.

In *Clyde*, however, we held that constitutional harmless error analysis applies to shackling violations (*see* 18 NY3d at 148). Applying that analysis here, we conclude that the trial court's omission was indeed harmless. A constitutional error may be harmless where evidence of guilt is overwhelming and there is no reasonable possibility that it affected the outcome of the trial (*see id.* at 153-154; *People v Douglas*, 4 NY3d 777, 779 [2005]). Here, defendant's own admission established that he offered complainant, a child, $50 to expose his penis. Complainant testified to the same facts. Thus, there exists overwhelming evidence that defendant, 31 years old at the time of the alleged crime, knowingly acted in a manner likely to be injurious to complainant's welfare and was, therefore, guilty of endangering the welfare of a child (Penal Law § 260.10 [1]). Given that quantum of evidence, we do not think there is any reasonable

possibility that defendant's appearance in handcuffs contributed to District Court's finding of guilt.

Accordingly, the order of the Appellate Term should be affirmed.

Chief Judge LIPPMAN (dissenting). The presumption of innocence for those accused is "the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law" (*Coffin v United States*, 156 US 432, 453 [1895]). The unwarranted shackling of defendants strikes at the heart of the right to be presumed innocent, and for the reasons that follow, I respectfully dissent.

In a bench trial, the factfinder determines whether the defendant poses a particular security risk that warrants restraint. Here, the trial judge chose to keep the defendant in shackles throughout his trial despite the lack of any individualized security concerns stated on the record. The District Court's actions intimated that it believed defendant to be a dangerous character who needed to be restrained, which inevitably affected its role as factfinder before a scintilla of evidence was presented. The use of shackles without record justification in a bench trial presents a scenario with unique dangers, different from the ones addressed in *People v Clyde* (18 NY3d 145 [2011]) and *People v Cruz* (17 NY3d 941 [2011]).

We held in *People v Buchanan* (13 NY3d 1, 4 [2009]) that "as a matter of New York law . . . it is unacceptable to make a stun belt a routine adjunct of every murder trial, without a specifically identified security reason" and without reaching the constitutional due process issues discussed in *Deck v Missouri* (544 US 622, 626 [2005]). We determined that ordering a defendant to wear a stun belt without a basis in the record was an egregious error that itself warranted reversal. Here, were it necessary to reach the constitutional issues, I would certainly agree with the majority's view that the present facts comprise a violation of constitutional rights under *Deck v Missouri* (544 US at 626; *see* US Const 5th, 14th Amends). Under our state law framework in *Buchanan*, having the trier of fact order the shackling of a defendant without an individualized determination of the defendant's security risk is an egregious error that requires a new trial. Not only is a defendant "entitled to appear in court with the dignity and the self-respect of a free and innocent man" (*People v Roman*, 35 NY2d 978, 979 [1975]), a defendant is entitled to have his case decided by a judge who has

due regard for the rights of the accused and the decorum of the courtroom. In a bench trial where the court chooses to keep a defendant in shackles without adequate record justification, the judge prioritizes convenience over the administration of justice. Allowing a defendant to attend his own trial without restraints and to participate in his defense is crucial, and a defendant should not be tried in an undignified atmosphere, stripped of the presumption of innocence.

The People urge the Court to assume that the unexplained use of handcuffs and restraints will never have an effect on a judge's determination of a defendant's guilt or innocence. To take the People's position is to obviate the need for any harmless error analysis in a bench trial, as they propose that a judge will always be insulated from prejudice on any matter. To make this assumption is to degrade a defendant's right to be presumed innocent. Visible shackles give the impression to any trier of fact that a person is violent, a miscreant, and cannot be trusted (*see People v Clyde*, 18 NY3d 145, 158 [2011, Lippman, Ch. J., dissenting] [shackling is "understood to be reserved for the management of dangerous and explosive individuals—persons presumptively predisposed to violent crime"]).

Even if the Court should decide the present case based on a harmless error analysis, as the majority proposes, the People did not prove "beyond a reasonable doubt that the [shackling] error complained of did not contribute to the verdict obtained" (*Deck v Missouri*, 544 US at 635, quoting *Chapman v California*, 386 US 18, 24 [1967] [internal quotation marks omitted]). Upon a constitutional harmless error analysis, there has been insufficient showing that the defendant was not prejudiced and that the shackling error did not affect the verdict (*see People v Clyde*, 18 NY3d 145, 153-154 [2011] [considering "the quantum and nature of the evidence against defendant if the error is excised" and the error's effect on the factfinder in determining whether an error is harmless]). Here, the improper shackling of defendant without basis in the record cannot have been harmless error because the evidence against defendant was not overwhelming. While the evidence was legally sufficient to convict defendant, there was testimony at trial that in defendant's limited mind, his behavior amounted to nothing more than bantering or teasing. Indeed, the police characterized defendant as "slow in his movement and speech," "timid," and "deficien[t]," and the complainant testified that he never felt scared by the encounter or defendant. There was little indication

that the encounter between the complainant and defendant was sexual in nature. Given that defendant's conviction stemmed almost entirely from the, at times, inconsistent testimony of a 12-year-old boy, the evidence was far from overwhelming.

I continue to believe that "[g]iven the very basic interests at stake, and the ease with which they can properly be afforded the judicial consideration they are due, there should be a clear rule that the failure to make a record to justify restraining a defendant at trial will necessitate a new trial" (*People v Cruz*, 17 NY3d 941, 947 [2011, Lippman, Ch. J., dissenting]). This rule should be no less imperative in bench trials, where the judge is the sole trier of fact.

Judges GRAFFEO, READ, SMITH and PIGOTT concur with Judge CIPARICK; Chief Judge LIPPMAN dissents in a separate opinion.

Order affirmed.