# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

254
KA 12-00121
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

PERRY C. GRIGGS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.

PERRY C. GRIGGS, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered November 15, 2011. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [4]). Although we agree with defendant that he should not have been shackled when he testified before the grand jury, we conclude that reversal on that basis is not warranted. As the People correctly contend, the prosecutor's cautionary instructions to the grand jury were sufficient to dispel any potential prejudice to defendant (*see People v Burroughs*, 108 AD3d 1103, 1106, *lv denied* 22 NY3d 995). Defendant contends that the prosecutor engaged in misconduct during the grand jury proceedings by failing to inform the members of the grand jury that defendant had requested that a certain witness be called. That contention is not preserved for our review inasmuch as defendant failed to move to dismiss the indictment on that ground (*see People v Gordon*, 277 AD2d 1053, 1053, *lv denied* 96 NY2d 759). In any event, the record establishes that, under the circumstances presented here, there was no "likelihood [or] possibility of prejudice" inasmuch as the witness did not observe the criminal transaction at issue (*People v Adessa*, 89 NY2d 677, 686). Defendant likewise failed to preserve for our review his further contention that the prosecutor engaged in misconduct by improperly cross-examining him before the grand jury (*see Gordon*, 277 AD2d at 1053).

We reject defendant's contention that he was denied effective

assistance of counsel because counsel failed to make a motion to dismiss the indictment based upon the alleged defects in the grand jury proceedings (*see generally People v Baldi*, 54 NY2d 137, 147).

Contrary to defendant's further contention, the evidence at trial is legally sufficient to establish that he forcibly stole property from the victim while using a gun (*see People v Gerena*, 49 AD3d 1204, 1205-1206, *lv denied* 10 NY3d 958; *see generally People v Bleakley*, 69 NY2d 490, 495). Defendant asserts that he had a claim of right defense based on good faith, and he contends that the evidence of intent is legally insufficient when viewed in light of that defense. Defendant's contention is without merit, however, inasmuch as he failed to present any evidence that the particular bills making up the $30 he forcibly took from the victim "had any significance" to defendant (*see People v Pagan*, 19 NY3d 91, 97-99). In any event, fungible cash is not a chattel within the scope of a claim of right defense based on good faith (*see People v Reid*, 69 NY2d 469, 476). Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). The sentence is not unduly harsh or severe.

We have considered the remaining contentions of defendant in his main and pro se supplemental briefs and conclude that none warrant reversal or modification of the judgment.

Entered:  May 9, 2014                       Frances E. Cafarell
                                            Clerk of the Court