[12 NE3d 1107, 989 NYS2d 678]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SIDNEY WISDOM, Respondent.

Argued May 6, 2014; decided June 5, 2014

### APPEARANCES OF COUNSEL

*Charles J. Hynes, District Attorney*, Brooklyn (*Ann Bordley* and *Leonard Joblove* of counsel), for appellant.

*Lynn W.L. Fahey, Appellate Advocates*, New York City (*De Nice Powell* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed, the judgment of conviction reinstated, and the case remitted to the Appellate Division for consideration of the facts and issues raised but not determined on appeal to that court.

Defendant Sidney Wisdom attempted to kill a four-year-old girl and her grandmother (whom we refer to as Jane) during a residential burglary. Due to the severity of Jane's injuries, the People obtained a court order to videotape her testimony for later presentation to a grand jury. In her recorded interview, Jane unequivocally identified defendant as the assailant and stated that she knew him from prior contacts. However, she was

not administered an oath to tell the truth, an oversight that was not realized by the prosecutor until after the grand jury had viewed the video. In an attempt to rectify this omission, the court authorized a second recorded examination in which Jane swore to be truthful and declared that her prior testimony had been accurate. The grand jury was shown the second video and defendant was indicted for various crimes, including first-degree burglary and attempted second-degree murder.

Defendant moved to dismiss the indictment, claiming that Jane's failure to take the required oath during her original interview compromised the integrity of the grand jury. Supreme Court rejected that argument and a jury convicted defendant of attempting to intentionally murder Jane and the child. The Appellate Division reversed, concluding that the grand jury proceeding was defective because the People presented Jane's unsworn recorded testimony and the second videotaped examination did not cure the error (98 AD3d 241 [2d Dept 2012]). A Judge of this Court granted the People leave to appeal (19 NY3d 1106 [2012]) and we now reverse.

■ The People initially argue that defendant's motion to dismiss was untimely under CPL 255.20 (1) because the issue regarding the oath was not raised until after the People presented their proof at trial. We disagree. Defendant timely challenged the indictment in this case because he was not aware of the operative facts until after his omnibus motion had to be filed (*see* CPL 255.20 [1], [3]) and there is support in the record for the Appellate Division's finding that he had good cause to seek dismissal after receiving the videos of Jane's interviews. Even though the jury's verdict was premised on sufficient trial evidence (*see* CPL 210.30 [6]), the issue is reviewable because defendant claims that the failure to swear Jane before her initial recorded statement caused her testimony to be legally invalid, thereby creating a fundamental defect in the grand jury proceeding (*see e.g.* CPL 210.35 [5]; *People v Pelchat*, 62 NY2d 97, 108-109 [1984]; Peter Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 210.30 at 222).

■ The People do not dispute that an oath should have been administered to Jane during the first testimonial recording (*see e.g.* CPL 60.20 [2]; 190.32 [5] [e]; *People v Parks*, 41 NY2d 36, 45 [1976]). On these facts, however, the error does not meet the "very precise and very high" statutory standard of impairment for grand jury proceedings (*People v Darby*, 75 NY2d 449, 455 [1990]; *see e.g. People v Huston*, 88 NY2d 400, 409 [1996]). The

lack of an oath was not the product of a nefarious design to deliberately cause unfairness to defendant. Rather, it was an oversight that the People sought to correct by securing judicial permission to record a second interview in which Jane swore to be honest and verified the truth of her prior statements. The grand jury then watched the second video and was instructed that the recording was made because Jane had not taken an oath during her first examination. Based on these circumstances, defendant has not established a possibility of prejudice justifying the exceptional remedy of dismissal of the indictment (*see e.g. People v Adessa*, 89 NY2d 677, 686 [1997]; *People v Thompson*, 22 NY3d 687, 699 [2014]).

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT, RIVERA and ABDUS-SALAAM concur.

Order reversed, judgment of conviction reinstated, and case remitted to the Appellate Division, Second Department, for consideration of the facts and issues raised but not determined on the appeal to that court, in a memorandum.