Contrary to the People's contention with respect to defendant's challenge to the term of incarceration, this Court's "sentence-review power may be exercised, if the interest of justice warrants, without deference to the sentencing court" (*People v Delgado*, 80 NY2d 780, 783 [1992]). "As a result, we may 'substitute our own discretion for that of a trial court which has not abused its discretion in the imposition of a sentence' " (*People v Johnson*, 136 AD3d 1417, 1418 [2016], *lv denied* 27 NY3d 1134 [2016]). Nevertheless, we conclude that the term of incarceration is not unduly harsh or severe. Present—Whalen, P.J., Smith, Centra and Peradotto, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES E. HALL, II, Appellant. [38 NYS3d 455]—

Appeal from a judgment of the Lewis County Court (Charles C. Merrell, J.), rendered October 28, 2011. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the first degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [a]) and endangering the welfare of a child (§ 260.10 [1]). We agree with defendant that County Court erred in denying defendant's request to remove his shackles during the trial without making findings on the record concerning the necessity for such restraints (*see People v Clyde*, 18 NY3d 145, 152-153 [2011]). Contrary to the People's contention, the evidence of guilt is not overwhelming, and thus "they cannot meet their burden of showing that any constitutional error [is] harmless beyond a reasonable doubt" (*People v Cruz*, 17 NY3d 941, 945 [2011]; *see generally People v Best*, 19 NY3d 739, 744 [2012]). Present— Whalen, P.J., Centra, Peradotto and Carni, JJ.