People v Graham (2021 NY Slip Op 01598)





People v Graham


2021 NY Slip Op 01598


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, WINSLOW, AND BANNISTER, JJ.


233 KA 17-01967

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CLIFFORD GRAHAM, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered September 8, 2017. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Defendant was previously convicted of criminal possession of a weapon in the second degree and endangering the welfare of a child, arising from the same incident, but this Court reversed that judgment and dismissed the indictment on the grounds that neither the grand jury nor the petit jury was instructed on the defense of temporary innocent possession (People v Graham, 148 AD3d 1517 [4th Dept 2017]).
We reject defendant's contention that the grand jury proceedings resulting in the new indictment were defective. Although defendant was restrained when he testified before the grand jury, the prosecutor twice instructed the grand jury not to draw any negative inference from the restraints, and we conclude that those instructions were "sufficient to dispel any potential prejudice to defendant" (People v Barnes, 139 AD3d 1371, 1373 [4th Dept 2016], lv denied 28 NY3d 926 [2016] [internal quotation marks omitted]; see People v Griggs, 117 AD3d 1523, 1523 [4th Dept 2014], affd 27 NY3d 602 [2016], rearg denied 28 NY3d 957 [2016]; People v Cotton, 120 AD3d 1564, 1565 [4th Dept 2014], lv denied 27 NY3d 963 [2016]). We further conclude that "defendant has not established a possibility of prejudice justifying the exceptional remedy of dismissal of the indictment" based on the prosecutor's instruction to the grand jury on constructive possession (People v Wisdom, 23 NY3d 970, 973 [2014]). Additionally, although we agree with defendant that the prosecutor erred in presenting to the grand jury testimony from the victim contradicting evidentiary facts that were resolved in defendant's favor at the first trial (see People v O'Toole, 22 NY3d 335, 338 [2013]; see also People v Williams, 163 AD3d 1418, 1420 [4th Dept 2018]), we conclude that the submission of that testimony involved "the erroneous handling of evidentiary matters, [which does] not merit invalidation of the indictment" where, as here, the remaining evidence is sufficient to establish the charge for which defendant was indicted (People v Thompson, 22 NY3d 687, 699 [2014], rearg denied 23 NY3d 948 [2014]; see Wisdom, 23 NY3d at 972; People v Huston, 88 NY2d 400, 409 [1996]).
Defendant further contends that the evidence is legally insufficient to establish that the firearm recovered was "loaded with live ammunition" (People v Redmond, 182 AD3d 1020, 1022 [4th Dept 2020], lv denied 35 NY3d 1048 [2020]; see Penal Law § 265.03 [3]). We reject that contention. The firearms examiner testified that she successfully test fired one of the three rounds submitted to her, and the officer who discovered the firearm testified that those three rounds were recovered from the firearm. Thus, viewing the evidence in the light most favorable [*2]to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that there is a valid line of reasoning and permissible inferences from which a rational jury could have found that element of the crime proved beyond a reasonable doubt (see generally People v Danielson, 9 NY3d 342, 349 [2007]; People v Bleakley, 69 NY2d 490, 495 [1987]). Viewing the evidence in light of the elements of the crime as charged to the jury (see Danielson, 9 NY3d at 349), we likewise reject defendant's contention that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). Although a different verdict would not have been unreasonable (see Danielson, 9 NY3d at 348), the jury did not "fail[ ] to give the evidence the weight it should be accorded" (Bleakley, 69 NY2d at 495).
Contrary to defendant's contention, Supreme Court did not abuse its discretion in responding to the jury's request for information by declining to reread the definition of temporary innocent possession inasmuch as the jury did not request a rereading of that definition (see People v Almodovar, 62 NY2d 126, 131-132 [1984]; People v Sanchez, 160 AD3d 903, 903 [2d Dept 2018], lv denied 31 NY3d 1121 [2018]; People v Martinez, 8 AD3d 8, 9 [1st Dept 2004], lv denied 3 NY3d 677 [2004]).
Finally, the sentence is not unduly harsh or severe.
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court