People v Moses (2022 NY Slip Op 04047)

People v Moses

2022 NY Slip Op 04047

Decided on June 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 23, 2022

110639
[*1]The People of the State of New York, Respondent,
v
Amanda Moses, Appellant.

Calendar Date:May 24, 2022

Before:Lynch, J.P., Clark, Pritzker, Ceresia and McShan, JJ.

Craig Meyerson, Peru, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.

McShan, J.
Appeal from a judgment of the County Court of Clinton County (Bruno, J.), rendered October 24, 2017, convicting defendant upon her plea of guilty of the crimes of robbery in the first degree and burglary in the first degree.
Defendant and a codefendant were charged in an indictment with robbery in the first and second degrees and burglary in the first and second degrees. Defendant thereafter filed an omnibus motion seeking, among other things, dismissal of the indictment pursuant to CPL article 210. In response to the motion, as relevant here, the People disclosed that a witness that had testified before the grand jury on May 24, 2017 had not been properly sworn. According to the People, after the error was discovered and prior to the indictment being filed with County Court, the matter was resubmitted to the grand jury on June 13, 2017. The grand jury minutes from that day also reflect that because the initial testimony of the witness was unsworn, the grand jury vacated its vote from May 24, 2017 and voted to have the witness testify before it again. The minutes also reflect that the witness was then sworn and testified before the grand jury that the prior testimony that was given on May 24, 2017 was truthful and accurate and that, should the witness testify further, the witness would provide the same testimony again. The grand jury thereafter voted to indict defendant on the four charges reflected in the indictment.
County Court partially denied defendant's omnibus motion, concluding, as relevant here, that the initial unsworn witness testimony before the grand jury did not render the grand jury proceedings defective. Subsequently, defendant pleaded guilty to robbery in the first degree and burglary in the first degree in satisfaction of the charges, and purportedly waived the right to appeal. County Court sentenced defendant, as a second felony offender, to concurrent prison terms of 14 years, to be followed by five years of postrelease supervision, with those sentences to run concurrently with a sentence defendant was then serving. Defendant appeals.
We affirm. Initially, the People concede, and we agree, that defendant's waiver of the right to appeal is invalid (see People v Thomas, 34 NY3d 545, 566 [2019]; People v David, 200 AD3d 1394, 1394 [2021]). Nonetheless, we reject defendant's remaining contention that the initial testimony of an unsworn witness rendered the grand jury proceedings defective and warrants dismissal of the indictment. A grand jury proceeding is defective when it "fails to conform to the requirements of [CPL article 190] to such degree that the integrity thereof is impaired and prejudice to the defendant may result" (CPL 210.35 [5]; see People v Huston, 88 NY2d 400, 402 [1996]; People v Hightower, 186 AD3d 926, 930 [2020], lv denied 35 NY3d 1113 [2020]). Based upon our review of the grand jury minutes, we find no indication that the initial lack of an oath was "the product of a nefarious design to deliberately [*2]cause unfairness to defendant" (People v Wisdom, 23 NY3d 970, 972-973 [2014]). Instead, it appears that the failure to place the witness under oath before the witness first testified was an oversight that the People corrected by having the witness testify again before the same grand jury, after the jury had been advised of the defect. Under these circumstances, "defendant has not established a possibility of prejudice justifying the exceptional remedy of dismissal of the indictment" (id. at 973; see CPL 210.35 [5]).
Lynch, J.P., Clark, Pritzker and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.