People v Cain (2022 NY Slip Op 05239)

People v Cain

2022 NY Slip Op 05239

Decided on September 22, 2022

Appellate Division, Third Department

Garry, P.J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 22, 2022

112264

[*1]The People of the State of New York, Respondent,
v
William Cain, Appellant.

Calendar Date:August 18, 2022

Before: Garry, P.J., Lynch, Aarons, Ceresia and Fisher, JJ.

Theresa M. Suozzi, Saratoga Springs, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor Fitzsimmons of counsel), for respondent.

Garry, P.J.
Appeal from a judgment of the County Court of Washington County (Kelly S. McKeighan, J.), rendered November 1, 2019, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.
In 2019, defendant, an incarcerated individual, was charged by indictment with promoting prison contraband in the first degree. Defendant subsequently moved to dismiss the indictment, which motion County Court denied. He ultimately pleaded guilty to the reduced charge of attempted promoting prison contraband in the first degree in exchange for a sentence, as a second felony offender, of 1½ to 3 years in prison. Defendant was thereafter sentenced in accord with the plea agreement, with the sentence to run consecutively to the sentence that he was then serving. Defendant appeals.
Defendant contends that the integrity of the grand jury proceeding was impaired by the shackling of his hands in the presence of the grand jury and, thus, that County Court erred in denying his motion to dismiss the indictment upon that basis. At the outset, we note that defendant's claim survives his guilty plea (see People v Wilkins, 68 NY2d 269, 277 n 7 [1986]; People v Gaston, 126 AD3d 1400, 1400 [4th Dept 2015], lv denied 27 NY3d 964 [2016]; People v Williams, 90 AD3d 1514, 1515 [4th Dept 2011], lv denied 18 NY3d 999 [2012]), and defendant moved to dismiss the indictment upon these grounds (see CPL 210.35 [5]; compare People v White-Span, 182 AD3d 909, 909 [3d Dept 2020], lv denied 35 NY3d 1071 [2020]; People v Montes, 178 AD3d 1283, 1290 [3d Dept 2019], lv denied 34 NY3d 1161 [2020]).
In the context of trial, courts must closely scrutinize whether the use of physical restraints visible to the finder of fact is "justified by an essential state interest . . . specific to the defendant on trial" (Deck v Missouri, 544 US 622, 624 [2005] [internal quotation marks and citation omitted]; see People v Best, 19 NY3d 739, 743 [2012]; People v Clyde, 18 NY3d 145, 152 [2011], cert denied 566 US 944 [2012]). This "'judicial hostility to shackling gives effect to three fundamental legal principles': (1) preserving the presumption of innocence to which every criminal defendant is entitled; (2) ensuring that the defendant is able to participate meaningfully in his or her defense; and (3) maintaining the dignity of the judicial process. The routine and unexplained use of visible restraints does violence to each of these principles, essential pillars of a fair and civilized criminal justice system" (People v Best, 19 NY3d at 743-744 [internal brackets and ellipsis omitted], quoting Deck v Missouri, 544 US at 630). An actual justification for the use of physical restraints, specific to the defendant, is no less necessary when a defendant testifies before a grand jury; in such context, the People are required to articulate a reasonable basis on the record for their use (see People v Richardson, 143 AD3d 1252, 1253 [4th Dept 2016], lv denied 28 NY3d [*2]1150 [2017]; see also People v Muniz, 93 AD3d 871, 872 [3d Dept 2012], lv denied 19 NY3d 965 [2012]). That threshold showing must be made on the record at the commencement of the proceeding, outside the presence of the grand jury.
Here, the People failed to meet that minimal obligation. Review of the confidential grand jury minutes reveals that there was no relevant information offered to support the use of restraints. Shackling incarcerated defendants before the factfinder without revealing an adequate basis for doing so cannot be countenanced. Should such a procedure become routine, it would violate the rights of defendants under both the federal and state constitutions (see People v Clyde, 18 NY3d at 152, 153). Although the People assert that the hand shackles were hidden by the table at which defendant sat, this is disputed and was similarly unaddressed upon the record of proceedings.[FN1] It bears noting that it is customary for many people to use hand gestures in the course of describing events; for this reason, the inability to show one's hands may connote or communicate that one is not trustworthy. Put another way, hiding one's hands may be interpreted as withholding, may communicate in body language that one has "something to hide."
Further, there were no cautionary instructions addressing the shackles (compare People v Cotton, 120 AD3d 1564, 1565 [4th Dept 2014], lv denied 27 NY3d 963 [2016]; People v Muniz, 93 AD3d at 872; People v Felder, 201 AD2d 884, 885 [4th Dept 1994], lv denied 83 NY2d 871 [1994]), and the evidence presented was not so overwhelming as to eliminate the potential for prejudice (compare People v Alsaifullah, 162 AD3d 1483, 1485 [4th Dept 2018], lv denied 32 NY3d 1062 [2018]; People v Brooks, 140 AD3d 1780, 1781 [4th Dept 2016], lv denied 32 NY3d 1124 [2018]; People v Burroughs, 108 AD3d 1103, 1106 [4th Dept 2013], lv denied 22 NY3d 995 [2013]). Mindful that "[c]ourts have a particular responsibility to prevent unfairness in [g]rand [j]ury proceedings, for the [g]rand [j]ury is an arm of the court" (People v Ianniello, 21 NY2d 418, 424 [1968] [internal quotation marks and citations omitted], cert denied 393 US 827 [1968]), we are compelled to conclude that defendant may have been prejudiced by the unjustified use of hand restraints (see CPL 210.35 [5]).
For the reasons stated above, the indictment must be dismissed, without prejudice to the People to re-present any appropriate charges to another grand jury (see CPL 210.20 [4]; People v Huston, 88 NY2d 400, 411-412 [1996]). In light of this determination, we do not reach defendant's remaining arguments.
Lynch, Aarons, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is reversed, on the law, and indictment dismissed, without prejudice to the People to re-present any appropriate charges to another grand jury.

Footnotes

Footnote 1: The fact that defendant was necessarily required to sign the waiver of immunity document during the course of the proceedings also undermines this assertion (see CPL 190.45, 190.52 [5] [2]).