People v Cavanagh (2026 NY Slip Op 00287)

People v Cavanagh

2026 NY Slip Op 00287

Decided on January 22, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 22, 2026

CR-23-1718
[*1]The People of the State of New York, Respondent.
vEdward Cavanagh, Appellant.

Calendar Date:December 10, 2025

Before:Aarons, J.P., Reynolds Fitzgerald, Ceresia, Fisher and Corcoran, JJ.

David E. Woodin, Catskill, for appellant.
Emmanuel C. Nneji, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.

Corcoran, J.
Appeal from a judgment of the County Court of Ulster County (James Farrell, J.), rendered January 13, 2023, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.
In 2022, defendant was charged by indictment with burglary in the second degree and criminal possession of stolen property in the fifth degree. County Court denied his pretrial motion to dismiss the indictment alleging, among other things, defects in the grand jury proceedings. He ultimately pleaded guilty to burglary in the second degree in satisfaction of the indictment and waived his right to appeal. Defendant was thereafter sentenced, in accord with the plea agreement, as a second violent felony offender, to 8½ years in prison, to be followed by five years of postrelease supervision. Defendant appeals.
We affirm. Defendant solely argues that County Court erred in denying his motion to dismiss the indictment pursuant to CPL 210.35 (5) because his appearance before the grand jury while shackled impaired the integrity of the proceedings. Even assuming that this contention survives the waiver of the right to appeal (see People v Demas, 242 AD3d 1434, 1435 [3d Dept 2025]; People v Alsaifullah, 162 AD3d 1483, 1484-1485 [4th Dept 2018], lv denied 32 NY3d 1062 [2018]; People v Robertson, 279 AD2d 711, 712 [3d Dept 2001], lv denied 96 NY2d 805 [2001]), it is without merit.[FN1] Pursuant to CPL 210.35 (5), a grand jury proceeding is defective, and dismissal of the indictment is warranted, when "the integrity thereof is impaired and prejudice to the defendant may result." Dismissal on these grounds is a drastic, exceptional remedy and should "be limited to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the grand jury" (People v Ruple, 239 AD3d 1040, 1042 [3d Dept 2025] [internal quotation marks, brackets and citation omitted], lv denied 44 NY3d 1013 [2025]).
As a matter of both federal and state constitutional law, a defendant has the right to be free of visible shackles when appearing before the grand jury absent a reasonable and specific basis for their use (see People v Best, 19 NY3d 739, 743 [2012]; People v Clyde, 18 NY3d 145, 152-153 [2011], cert denied 566 US 944 [2012]; People v Cain, 209 AD3d 124, 127 [3d Dept 2022], lv denied 38 NY3d 1071 [2023]; People v Muniz, 93 AD3d 871, 872 [3d Dept 2012], lv denied 19 NY3d 965 [2012]; see generally Deck v Missouri,544 US 622, 627-632 [2005]). Routine shackling, imposed without an individualized showing of necessity, undermines "three fundamental legal principles," namely, the presumption of innocence, the defendant's ability to meaningfully participate in his or her defense and the dignity of the judicial process (People v Best,19 NY3d at 743-744; see People v Sanders, 39 NY3d 216, 220 [2023]; People v Clyde, 18 NY3d at 153; People v Mosher, 226 AD3d 1260, 1262 [3d Dept 2024], lv denied 42 NY3d 929 [2024]). The resultant prejudice [*2]may impair the integrity of the proceeding so as to warrant dismissal of the indictment, and we have expressly rejected routinely restraining incarcerated defendants appearing before the factfinder without an adequate basis (see People v Cain, 209 AD3d at 126). In grand jury proceedings, the People must articulate a reasonable basis for the use of restraints "on the record at the commencement of the proceeding, outside the presence of the grand jury" (id.). Absent the requisite articulated special need, we review the grand jury minutes to determine whether the prosecutor provided "cautionary instructions sufficient to dispel any potential prejudice or whether the evidence presented . . . was so overwhelming that it eliminated the potential for prejudice" (People v Shabazz, 211 AD3d 1093, 1100 n 2 [3d Dept 2022] [internal citations omitted], lv denied 39 NY3d 1113 [2023]; see People v Cain, 209 AD3d at 127).
Here, the People did not state the basis for the restraints on the record at the beginning of the proceeding and their attempt to rely on grounds asserted for the first time in papers opposing defendant's omnibus motion is unavailing. Not only did the prosecutor fail to articulate a timely, appropriate reason for the restraints, he also failed to deliver any curative instructions to mitigate the obvious potential for prejudice (compare People v Kellum, 233 AD3d 1374, 1376 [3d Dept 2024], lv denied 44 NY3d 983 [2025]; People v Graham, 192 AD3d 1489, 1490 [4th Dept 2021], lv denied 37 NY3d 992 [2021]; People v Barnes, 139 AD3d 1371, 1373 [4th Dept 2016], lv denied 28 NY3d 926 [2016]; People v Muniz, 93 AD3d at 872). Contrary to the People's argument, the prosecutor's instruction to the grand jury about proper inferences to be drawn from the evidence of defendant's criminal history did not address nor remedy the visual impact of shackling (see People v Cain,209 AD3d at 127). Under these circumstances, unless the evidence presented to the grand jury was so overwhelming that it eliminated the potential for prejudice, the indictment must be dismissed (see People v Shabazz, 211 AD3d at 1100 n 2; People v Cain, 209 AD3d at 127; People v Alsaifullah, 162 AD3d at 1485). Our review of the grand jury minutes here reveals such overwhelming evidence.
Surveillance video evidence furnished the grand jury with a vivid depiction of the crime. The footage showed defendant and his accomplice entering the burglarized motel room and emerging with items they had not possessed upon arrival. Photographs depicted the motel room in disarray, an apparent point of forced entry and items taken from the room that were later recovered from defendant's vehicle. In his grand jury testimony, defendant conceded several elements of burglary, including entering the motel room (which served as the occupant's long-term residence) and remaining inside for a period of time, despite having no apparent permission to do so (see Penal Law § 140.25). Defendant's explanation of his conduct [*3]was inconsistent, self-contradictory and implausible. Critically, he denied any familiarity with the items reported stolen by the motel occupant which police found in his van, and he was unable to explain how they came to be in his possession. On this record, we are satisfied that the quantum and nature of the evidence eliminated the possibility that defendant was prejudiced by the improper shackling (see People v Alsaifullah, 162 AD3d at 1485; People v Young, 153 AD3d 1618, 1621 [4th Dept 2017], lv denied 30 NY3d 1065 [2017], cert denied 586 US 834 [2018]; People v Brooks, 140 AD3d 1780, 1781 [4th Dept 2016], lv denied 32 NY3d 1124 [2018]). Thus, County Court properly denied defendant's motion to dismiss the indictment.
Aarons, J.P., Reynolds Fitzgerald, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is affirmed. 

Footnotes

Footnote 1: The People concede that, by raising the issue of physical restraints in his motion to dismiss the indictment, defendant preserved this claim and it survives his guilty plea (see People v Douglas, 226 AD3d 1162, 1163 [3d Dept 2024], lv denied 42 NY3d 970 [2024]; People v Cain, 209 AD3d 124, 125 [3d Dept 2022], lv denied 38 NY3d 1071 [2023]).