Allen v City of New York
2026 NY Slip Op 04034
June 25, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Jarrett Allen, etc., Appellant,
v
The City of New York et al., Respondents. Amicus Curiae.

Decided and Entered: June 25, 2026
Index No. 452962/24|Appeal No. 6957,M-02363&02526|Case No. 2025-06122|
Before: Webber, J.P., Kapnick, Gesmer, Pitt-Burke, Chan, JJ.

The Legal Aid Society, New York (Lindsey E. Smith of counsel), for appellant.
Steven Banks, Corporation Counsel, New York (Elina Druker of counsel), for respondents.
Lourdes Rosado, LatinoJustice PRLDEF, New York (Andrew Case of counsel), amicus curiae.
Vincent Southerland, The Center on Race, Inequality and the Law (Djuna Schamus of counsel), amicus curiae.

[*1]
Orders, Supreme Court, New York County (Hasa A. Kingo, J.), entered on or about July 3, 2025, which granted defendants' motion to dismiss the complaint, denied plaintiff's cross-motion for summary judgment, and denied as moot plaintiff's motion for class certification and defendants' cross-motion for a stay, unanimously modified, on the law, the motion to dismiss denied and plaintiff's complaint and motion for class certification reinstated, and otherwise affirmed, without costs.
Defendants have the burden on their motion to dismiss for lack of standing to show that plaintiff lacked standing to seek a declaratory judgment on behalf of a class of plaintiffs that their policy of handcuffing arrestees during an arraignment without judicial approval after an individualized, on-the-record finding, violates Due Process under article I § 6 of the New York State Constitution (see DLJ Mtge. Capital v Mahadeo, 166 AD3d 512, 513 [1st Dept 2018]). Defendants failed to meet this burden because defendants failed to argue that plaintiff did not suffer an injury-in-fact. In any event, plaintiff pled a likelihood of future harm by alleging that "NYPD officer discretion results in near-universal handcuffing of people throughout their arraignments" (see Matter of New York Taxi Workers Alliance v New York City Taxi & Limousine Commn., — AD3d —, 2025 NY Slip Op 06551 [1st Dept 2025]).
As to the merits, plaintiff stated a cause of action that defendants' policy constitutes a violation of constitutional due process (People v Best, 19 NY3d 739, 743 [2012]). Since arraignment is a "critical stage of the proceedings," this due process protection may extend to this phase as well (Hurrell-Harring v State of New York, 15 NY3d 8, 20 [2010] [internal quotation marks omitted]; see People v Cain, 209 AD3d 124, 126 [3d Dept 2022], lv denied 39 NY3d 1071 [2023] [grand jury proceeding]; People v Richardson, 143 AD3d 1252, 1253 [4th Dept 2016], lv denied 28 NY3d 1150 [2017] [same]; Matter of Vega v State of New York, 140 AD3d 1608, 1609 [4th Dept 2016] [annual review hearing pursuant to Mental Hygiene Law § 10.09 [d]]; People v Ashline, 124 AD3d 1258, 1259 [4th Dept 2015], lv denied 27 NY3d 1128 [2016] [suppression hearing]; but see People v Goldston, 126 AD3d 1175, 1177 [3d Dept 2015], lv denied 25 NY3d 1201 [2015] ["discern[ing] no basis upon which to afford a criminal defendant [an on-the-record-finding as to the necessity of restraints] in the context of a pretrial hearing]).
[*2]
Supreme Court providently exercised its discretion in denying plaintiff's cross-motion to convert the motion to dismiss to summary judgment. Since there are issues of fact, conversion is not warranted (see Wiesen v New York Univ., 304 AD2d 459, 460 [1st Dept 2003]). There are multiple unresolved factual issues relevant to, among other things, whether plaintiff was actually handcuffed during his arraignment, a fact which is not alleged in his pleading, whether the Unified Court System is a necessary party based on defendants' allegations that it is responsible for managing courthouse security and procedure, and the extent to which shackling defendants was considered acceptable at the common law (see United States v Sanchez-Gomez, 859 F3d 649, 662-66 [9th Cir 2017] [en banc], vacated on other grounds 584 US 381 [2018] [considering the constitutionality of the U.S. Marshal Service's shackling policy and the courts' deference to their determinations]).
M-02363 — Jarrett Allen v The City of New York
Motion to file an amicus curiae brief, granted
M-02526 — Jarrett Allen v The City of New York
Motion to file an amicus curiae brief, granted.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 25, 2026