■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERTO VAZQUEZ, Appellant.—Kane, J. Appeal from a judg-ment of the County Court of Albany County (Turner, Jr., J.), rendered January 5, 1987, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

At about 3:00 A.M. on January 20, 1986, State Trooper Clayton Powell was operating a troop car northbound on the Thruway in the Town of Coeymans, Albany County, together with his passenger, Trooper Joel Bailey. It was a foggy night with low visibility. In the course of their patrol, Powell and Bailey observed another vehicle in front of them proceeding northbound with its flashers on and traveling at a high speed, which they determined to be between 70 and 73 miles per hour. After the vehicle was stopped, Trooper Powell asked the

operator for his license and registration. In response thereto, the operator, later identified as defendant, produced a driver's license in the name of Wilberto Ruiz and an insurance card which was in the name of someone else. Upon further request for the vehicle's registration, defendant stated that he was unable to locate it and, when asked who owned the vehicle, he stated that it was owned by a friend. He was unable to give the name of the friend to Powell; defendant could only provide a nickname, which was not a name on the insurance card. It was then determined that the vehicle was not reported as stolen and was registered in a name similar to that given by defendant.

A traffic summons was prepared for defendant by Bailey; Powell, still not satisfied with defendant's inability to name the owner of the vehicle, requested Bailey to obtain identification from defendant's passenger. When Bailey requested the passenger to produce some identification, the passenger voluntarily got out of the vehicle, reached in his pocket to remove a wallet and, at that time, an object fell to the ground which was retrieved by Bailey. The object was a straw, about two inches in length, cut on one end with a white powdery substance inside, recognized by Bailey as a straw used to snuff cocaine. Thereupon, the passenger, identified as Jose Rodriguez, was arrested and a search of his person produced a hypodermic needle. Defendant was then questioned by Powell, and a search of the interior of the vehicle produced a quantity of pills in a jacket owned by defendant. Defendant was placed under arrest; further search of the trunk, with the permission of defendant, revealed a quantity of cocaine.

Defendant was thereafter indicted and, after denial of his motion to suppress the evidence seized, pleaded guilty to the charge of criminal possession of a controlled substance in the second degree. On this appeal, defendant contends that the arrest for a traffic infraction does not justify a search of the vehicle, or further inquiry or identification of passengers, when the basis therefor is mere curiosity and not probable cause.

In our view, the circumstances of this case validate the actions of the police officers. When there has been a lawful stop for a traffic violation, police officers are permitted to request or order occupants out of a car and to open any door to secure their safety or effectuate that order (People v McLaurin, 120 AD2d 270, 274-275). Furthermore, when defendant could produce neither the registration for the vehicle nor the proper name of the true owner, further inquiry as to the

identification of the passenger was reasonable and routine police procedure *(see, People v Ellis,* 62 NY2d 393, 396). Here, there was minimal intrusion; a mere request for identification of Rodriguez by Bailey was followed by Rodriguez exiting the vehicle upon his own volition, and fortuitously dropping the cocaine straw on the ground in the presence of the police officer. The evidence thereafter seized was not illegally obtained, but taken pursuant to a lawful search incident to a valid arrest based upon probable cause *(see, People v Langen,* 60 NY2d 170, *cert denied* 465 US 1028; *People v Belton,* 55 NY2d 49). The circumstances confronting the police officers after the initial stop cause this case to rise above the level of a traffic matter and, accordingly, the limitations on searches for traffic-related arrests do not apply *(see, People v Weintraub,* 35 NY2d 351).

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.