■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE W. LANCASTER, Appellant. [708 NYS2d 182] —Mercure, J. P. Appeal from a judgment of the County Court of Otsego County (Coccoma, J.), rendered May 10, 1999, upon a verdict convicting defendant of the crimes of driving while intoxicated and aggravated unlicensed operation of a motor vehicle.

Defendant was convicted following a jury trial of driving while intoxicated as a felony and aggravated unlicensed operation of a motor vehicle and sentenced to concurrent prison terms aggregating 2 to 6 years as the result of an August 7, 1998 incident in the Town of Oneonta, Otsego County. On appeal, he contends only that the initial stop of his vehicle and his subsequent arrest for driving while intoxicated were illegal and that the sentence imposed is harsh and excessive.

We affirm. Although not fully articulated, we believe the essence of defendant's initial contention to be that, absent legal authority for the stop of defendant's car or his subsequent arrest, all evidence obtained as a result of the illegal seizure must be suppressed and the conviction reversed on that basis. A motion pursuant to CPL article 710, however, is the exclusive means of challenging the admissibility of evidence upon the ground, as relevant here, that it was obtained as the result of

an illegal seizure or arrest (see, CPL 710.70 [3]; see also, CPL 710.20 [1], [3]; *People v Pulliam,* 258 AD2d 681, 683, lv denied 93 NY2d 977). Defendant having failed to make such a motion, the issue is not preserved for our consideration.

Finally, in view of defendant's two prior convictions of driving while intoxicated within 14 months of the current offense and the fact that his license was under suspension, we are not persuaded to disturb the sentence imposed by County Court (see, *People v Daniger,* 227 AD2d 846, lv denied 88 NY2d 1020).

Crew III, Peters, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed.