■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JONES, Appellant. [779 NYS2d 274]—

Crew III, J. Appeals (1) from a judgment of the Supreme Court (Teresi, J.), rendered May 23, 2002 in Albany County, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the third degree, and (2) by permission, from an order of said court, entered January 9, 2003 in Albany County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

On October 9, 2001 in the City of Albany, police officer Brad Connors observed a truck turn onto Knox Street without using a turn signal. As a consequence, Connors pulled the vehicle over and requested identification from the female driver. When the driver was unable to provide identification and admitted that her driver's license was suspended, Connors began eliciting information from the two passengers in the vehicle, which included defendant. Following a background check, which re-

vealed the existence of an active arrest warrant for defendant, he was placed under arrest. A search incident to that arrest disclosed a fully loaded banana clip, which was found to be compatible with a .22 caliber pistol subsequently found in the vehicle on the floorboard where defendant had been seated. As a consequence, defendant was indicted and charged with criminal possession of a weapon in the third degree. Following a jury trial, defendant was convicted as charged and sentenced to seven years' imprisonment. Defendant thereafter moved to vacate his conviction, which motion was denied without a hearing. Defendant now appeals from his conviction and the denial of his motion to vacate that conviction.

Initially, defendant contends that because he was not the driver of the truck, the police had no authority to question him and, thus, his ultimate arrest was unlawful. We note first that inasmuch as defendant did not challenge the legality of his arrest by way of a motion to suppress, the issue is not preserved for appellate review (*see People v Lancaster*, 272 AD2d 719, 719-720 [2000]). In any event, were we to consider defendant's contention, we would find it meritless. Where, as here, a police officer makes a legitimate traffic stop, a request for identification of a passenger constitutes a minimal intrusion that is reasonable where the driver is unable to provide identification or a valid driver's license (*cf. People v Vazquez*, 135 AD2d 896, 897-898 [1987]; *see People v Tejada*, 270 AD2d 655, 656 [2000], *lv denied* 95 NY2d 805 [2000]).

Defendant next asserts numerous acts of alleged prosecutorial misconduct, which he claims prejudiced him to such extent as to deprive him of his right to a fair trial. Again, we note that no objections were made regarding such alleged misconduct, thus not preserving the claims for appellate review (*see People v Marshall*, 2 AD3d 1157, 1158 [2003], *lv denied* 2 NY3d 743 [2004]). In any event, were we to consider defendant's claims, we would find them to be without merit. We have considered the remainder of defendant's arguments and find them equally unavailing.

Cardona, P.J., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment and order are affirmed.