(December 9, 2004)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT ALLAWAY, Appellant. [786 NYS2d 240]—

Mercure, J.P. Appeal from a judgment of the County Court of Greene County (Czajka, J.), rendered June 27, 1997, upon a verdict convicting defendant of the crime of attempted escape in the first degree.

Defendant, an inmate at Greene Correctional Facility in Greene County, was convicted of attempted escape in the first degree following a jury trial. He was sentenced as a second felony offender to a prison term of 2 to 4 years. Defendant now appeals, claiming that County Court committed reversible error when it required him to appear before the jury in shackles throughout the trial.

We affirm. It is well settled that "a defendant may not be physically restrained before the jury unless there is a reasonable basis, articulated on the record, for doing so" (*People v Rouse,* 79 NY2d 934, 935 [1992]). A defendant may be restrained, however, when necessary for reasons of security or to prevent escape of the accused (*see People v Stokes,* 290 AD2d 71, 74 [2002], *lv denied* 97 NY2d 762 [2002], *cert denied* 537 US 859 [2002]; *People v Greiner,* 156 AD2d 813, 817 [1989], *lv denied* 75 NY2d 919 [1990]). Here, prior to jury selection, defendant requested that his arm and leg shackles be removed. County Court denied his request based on security concerns, the nature of the crime charged and defendant's violent criminal history, including a prior conviction for murder that occurred while he was under the supervision of the Department of Correctional Services for a separate felony (*see People v Stokes, supra* at 74; *People v Freeman,* 184 AD2d 864, 865 [1992], *lv denied* 80 NY2d 903 [1992]). County Court minimized the possibility of prejudice by instructing the jury, during its preliminary instructions and before jury deliberations, to disregard the restraints (*see People v Rouse, supra* at 935; *People v Gourdine,* 188 AD2d 741, 741 [1992], *lv denied* 81 NY2d 886 [1993]). Accordingly, we cannot say that the court committed reversible error in denying defendant's request that the shackles be removed.

Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.