■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE M. ROBINSON, Appellant. [884 NYS2d 488]—

McCarthy, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered June 8, 2007, upon a verdict convicting defendant of the crimes of assault in the first degree (two counts) and assault in the second degree.

Defendant, an inmate at the Broome County Jail, was convicted of two counts of assault in the first degree and one count of assault in the second degree following a jury trial. He was sentenced as a second violent felony offender to a total prison term of 23 years and postrelease supervision of five years. Defendant now appeals, arguing that he was deprived of a fair trial because he had on leg shackles during the trial.

It is clear that "a defendant may not be physically restrained before the jury unless there is a reasonable basis, articulated on the record, for doing so" (*People v Rouse*, 79 NY2d 934, 935 [1992]; *see People v Jenner*, 39 AD3d 1083, 1087 [2007], *lv denied* 9 NY3d 845 [2007]). Defendant has a violent criminal history, the present charges arose out of an assault upon another inmate that left the victim blind in one eye, and defendant allegedly stated that he was "supposed to be blind in both eyes." He also told defense counsel that he felt "sorry for anyone around [him] if this [instant case] goes bad." Moreover, defendant had behaved in a volatile and intimidating manner in a previous trial, presided over by the same judge. We thus have no difficulty concluding from these facts that "County Court had ample basis to find that defendant was a viable threat to the safety and security of those persons in the courtroom and the

public at large" (*People v Brown*, 176 AD2d 408, 408 [1991], *lv denied* 79 NY2d 853 [1992]; *see People v Allaway*, 13 AD3d 715, 716 [2004]). Finally, given the failure to request a jury instruction regarding his leg shackles, County Court was not obliged to give such instruction (*see People v Rouse*, 79 NY2d at 935).

Peters, J.P., Spain, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.