■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT BEVERLY, Appellant. [904 NYS2d 518]—

Lahtinen, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered June 13, 2006, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the fourth degree, resisting arrest and menacing in the second degree.

In October 2005, defendant contacted the City of Albany Police Department and stated that he was going to harm himself and a certain woman. The responding officers were involved in a two to three-hour standoff with defendant as he, among other things, brandished a knife, threw various items at them and repeatedly threatened the officers. He was eventually subdued by a taser and, thereafter, charged in a five-count indictment. A jury convicted him of three counts, all misdemeanors—criminal possession of a weapon in the fourth degree, resisting arrest and menacing in the second degree. Defendant appeals, arguing that the verdict was against the weight of the evidence.

Since a different verdict would not have been unreasonable, we must "like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Romero*, 7 NY3d 633, 643 [2006] [internal quotation marks and citations omitted]; *see People v Bleakley*, 69 NY2d 490, 495 [1987]). Here, police officers testified that defendant wielded a knife described as "butcher-size" with an estimated eight-inch blade. There was evidence that defendant stated that he would use the knife against anyone who came after him and, with the knife in his hand, he told officers at his apartment door that he would kill them if they entered. He then attempted to barricade himself in the second floor apartment. When officers eventually entered the apartment, he refused an officer's order to drop the knife and instead challenged the officer to "bring it on."

While defendant offered some evidence challenging certain elements of the crimes, review of the record reveals ample proof of each of the crimes of which defendant was convicted. After weighing the evidence and according deference as to the jury's credibility determinations (*see People v Bleakley*, 69 NY2d at 495; *People v Jackson*, 38 AD3d 1052, 1054 [2007], *lv denied* 8 NY3d 986 [2007]), we are unpersuaded that the verdict was against the weight of the evidence.

Mercure, J.P., Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.