*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 10, 2014                    104877
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
         v                                    MEMORANDUM AND ORDER

SHEDRET WHITEHEAD,
                        Appellant.
_____


Calendar Date:  May 28, 2014

Before:  Peters, P.J., Lahtinen, Garry, Rose and Devine, JJ.

                         _____


        Bruce Evans Knoll, Albany, for appellant.

        James R. Farrell, District Attorney, Monticello (Meagan K.
Galligan of counsel), for respondent.

                         _____


Lahtinen, J.

        Appeal from a judgment of the County Court of Sullivan
County (LaBuda, J.), rendered January 24, 2012, convicting
defendant following a nonjury trial of the crimes of criminal
possession of a controlled substance in the third degree (two
counts), tampering with physical evidence, resisting arrest and
driving while ability impaired by drugs, and of the traffic
infraction of failing to display lighted head lamps.

        On March 1, 2011 at about 2:35 a.m., two state troopers
initiated a traffic stop after observing a car driven by
defendant with its lights off while on State Route 42 in the Town
of Thompson, Sullivan County.  Defendant was described as acting
"jittery" and "excited" with "glassy, bloodshot and dilated"
eyes, and the troopers reportedly saw a portion of a plastic bag

with a powdery substance protruding from defendant's partially unzipped pants. He was ordered out of the car where he attempted to reach for the unzipped area of his pants ignoring directives to stop. A struggle ensued during which defendant threw the bag toward an overpass. It fell just short of the overpass, where it was retrieved and found to contain smaller bags all with cocaine. Defendant was arrested and taken to the police station where a field sobriety test was administered and, after Miranda warnings, he admitted using cocaine earlier in the night. A paramedic failed in his efforts to draw defendant's blood at the station and, despite warnings about a refusal, defendant refused to be taken to a hospital for a blood test. Defendant was indicted for criminal possession of a controlled substance in the third degree (two counts), tampering with physical evidence, resisting arrest, driving while ability impaired by drugs and the violation of inadequate head lamps. He was found guilty of all counts following a nonjury trial and sentenced, as a second felony offender, to an aggregate prison term of 10 years followed by three years of postrelease supervision. Defendant appeals.

Defendant initially argues that the integrity of the grand jury proceeding was impaired by evidentiary errors including hearsay and improper opinion proof. This issue was not preserved for our review by a motion to dismiss the indictment upon such ground (see People v Fancher, 267 AD2d 770, 771 [1999], lv denied 94 NY2d 919 [2000]; People v Boyer, 216 AD2d 795, 796 [1995], lv denied 86 NY2d 840 [1995]). In any event, the argument is unavailing in that there was ample proper evidence before the grand jury to sustain the indictment and the errors asserted are insufficient to require the exceptional remedy of dismissal of the indictment (see People v Miller, 110 AD3d 1150, 1150-1151 [2013]; People v Farley, 107 AD3d 1295, 1295 [2013], lv denied 21 NY3d 1073 [2013]).

Although defendant failed to preserve his contention regarding the legal sufficiency of the evidence, he also advances a weight of the evidence argument and "our weight of the evidence review necessarily involves an evaluation of whether all elements of the charged crime[s] were proven beyond a reasonable doubt at trial" (People v Gaudiosi, 110 AD3d 1347, 1348 [2013], lv denied 22 NY3d 1040 [2013] [internal quotation marks and citations

omitted]; see People v Mann, 63 AD3d 1372, 1373 [2009], lv denied 13 NY3d 861 [2009]). The People presented proof that defendant was observed by the troopers driving without lights in the middle of the night. After stopping him, a bag containing a white powdery substance was openly visible to the troopers. When defendant was asked to exit the car, he got into a physical altercation with the troopers and attempted to throw the bag over an overpass. Defendant refused to stop fighting despite being directed to do so and after being told he was under arrest. He continued to fight until pepper spray was used. He failed at least one field sobriety test and acknowledged that he had ingested cocaine. The bag that he threw was quickly retrieved, it contained over one-half ounce of cocaine — both powder and crack — which was packaged in four separate bags, as would be used for sales. He had a large sum of cash with him. He testified and offered a different version on some events, but County Court found in its written decision the testimony of the police to be credible. Upon weighing and considering the proof in a neutral light, while deferring to the factfinder's credibility determination, we are unpersuaded that the verdict is against the weight of the evidence (see People v Harvey, 96 AD3d 1098, 1100 [2012], lv denied 20 NY3d 933 [2012]; People v Vargas, 72 AD3d 1114, 1118-1119 [2010], lv denied 15 NY3d 758 [2010]).

We agree with defendant that, during a portion of the trial, he was improperly permitted to remain in shackles and also that one statement he made to a police investigator should have been suppressed. However, such errors were harmless under the circumstances given the quantum and nature of the proof of defendant's guilt, as well as there being no reasonable possibility that these errors affected the factfinder's verdict (see People v Grant, 45 NY2d 366, 378-379 [1978]). Even in a nonjury trial, a defendant should not remain restrained in the courtroom unless the trial court sets forth particularized reasons for such restraint on the record (see People v Best, 19 NY3d 739, 743-744 [2012]), which was not done here. Further, review of the suppression hearing reveals that, after giving many admissible and Mirandized statements to police, defendant eventually invoked his right to remain silent, which required that questioning stop (see People v Ferro, 63 NY2d 316, 322 [1984], cert denied 472 US 1007 [1985]); nonetheless shortly

thereafter a police investigator asked defendant why his zipper had been open in the car, prompting the response that he had urinated prior to being stopped.  In light of the overwhelming proof of defendant's guilt and the absence of any indication that either of these matters impacted the court's verdict, the errors were harmless.

The "refusal to take a chemical test may be evidenced by words or conduct" (People v Richburg, 287 AD2d 790, 792 [2001], lv denied 97 NY2d 687 [2001]), and County Court did not err in admitting evidence regarding defendant's refusal to permit his blood to be drawn based upon proof at the suppression hearing that his conduct thwarted the efforts to draw his blood.  We note that the proof at trial regarding defendant's refusal was less compelling; however, in its written decision, County Court set forth other proof upon which it relied regarding such count, and there is no indication that it inferred a consciousness of guilt from defendant's purported refusal (see People v Anderson, 89 AD3d 1161, 1162 [2011]).

Review of the record reveals that defendant received meaningful representation and, accordingly, we are unpersuaded by his ineffective assistance of counsel argument (see People v Henry, 95 NY2d 563, 565 [2000]).  The remaining contentions have been considered and are unavailing.

Peters, P.J., Garry, Rose and Devine, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court