*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 19, 2015                    104719
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

            v                              MEMORANDUM AND ORDER

TASHEEM GOLDSTON,
                    Appellant.
_____


Calendar Date:  January 13, 2015

Before:  Peters, P.J., Rose, Egan Jr. and Clark, JJ.

                    _____


        Bruce Evans Knoll, Albany, for appellant.

        P. David Soars, District Attorney, Albany (Vincent Stark of
counsel), for respondent.

                    _____


Egan Jr., J.

        Appeal from a judgment of the Supreme Court (Lamont, J.),
rendered July 26, 2011 in Albany County, upon a verdict
convicting defendant of the crimes of criminal possession of a
weapon in the second degree and criminal possession of a weapon
in the third degree.

        Defendant was charged in a 10-count indictment with various
crimes stemming from two separate incidents — a shooting that
occurred in June 2010 and the subsequent recovery of a weapon
from defendant following his arrest in July 2010.  Supreme Court
initially denied defendant's motion to sever the counts in the
indictment but, following a mistrial, defendant's motion in this
regard was granted.  The July 2010 weapons charges — consisting
of criminal possession of a weapon in the second degree and

criminal possession of a weapon in the third degree (counts 9 and 10 of the indictment) – proceeded to trial first, and defendant was found guilty as charged. Sentencing was deferred pending trial on the balance of the indictment. After defendant was acquitted of the remaining charges, he was sentenced as a second violent felony offender to 10½ years in prison followed by five years of postrelease supervision upon his conviction of criminal possession of a weapon in the second degree and to a lesser, concurrent prison term as to the remaining charge. Defendant now appeals.

Defendant initially contends that the integrity of the grand jury proceeding was impaired because the People collectively presented evidence from the two separate incidents, impermissibly referred to defendant's parolee status, allowed the victim to testify in an inconsistent manner and failed to present exculpatory evidence. As part of his pretrial omnibus motion, defendant indeed sought to dismiss or reduce the indictment pursuant to CPL article 210; however, aside from a passing reference to the People's failure to present exculpatory evidence, none of the arguments now advanced by defendant were included in the subject motion (see CPL 210.20 [3]). Hence, defendant's present challenges to the integrity of the grand jury proceeding are largely unpreserved for our review (see CPL 470.05 [2]; People v Whitehead, 119 AD3d 1080, 1081 [2014], lv denied 24 NY3d 1048 [2014]), and we discern no basis upon which to take corrective action in the interest of justice (see People v Green, 105 AD3d 611, 612 [2013], lv denied 21 NY3d 1015 [2013]).

With respect to the issue of exculpatory evidence, "[t]he People generally enjoy wide discretion in presenting their case to the [g]rand [j]ury and are not obligated to search for evidence favorable to the defense or to present all evidence in their possession that is favorable to the accused even though such information undeniably would allow the [g]rand [j]ury to make a more informed determination. . . . [Nor] do the People have the same obligation of disclosure at the [g]rand [j]ury stage as they have at the trial stage" (People v Lancaster, 69 NY2d 20, 25-26 [1986], cert denied 480 US 922 [1987] [citations omitted]; see People v Thompson, 22 NY3d 687, 697-698 [2014]). Here, the exculpatory evidence cited by defendant "bore

principally upon the victim's credibility and, as such, was more appropriately reserved for presentation to the petit jury than to the [g]rand [j]ury" (People v Ramjit, 203 AD2d 488, 490 [1994], lv denied 84 NY2d 831 [1994]). Accordingly, Supreme Court did not err in denying defendant's motion in this regard.

To the extent that defendant's claim that he was denied due process because he was shackled during the course of the suppression hearing has been preserved for our review, we find it to be lacking in merit. In Deck v Missouri (544 US 622 [2005]), the United States Supreme Court held that the US Constitution "forbid[s] [the] routine use of visible shackles during the guilt phase" of the trial and "permits a [s]tate to shackle a criminal defendant only in the presence of a special need" (id. at 626). Consistent with that principle, the Court of Appeals has determined that, "as a matter of both federal and state constitutional law, '[a] defendant has the right to be free of visible shackles, unless there has been a case-specific, on-the-record finding of necessity'" (People v Best, 19 NY3d 739, 743 [2012], quoting People v Clyde, 18 NY3d 145, 153 [2011], cert denied ___ US ___, 132 S Ct 1921 [2012]). Although this prohibition has been extended to bench trials (see People v Best, 19 NY3d at 743-744; People v Whitehead, 119 AD3d at 1081-1082), we discern no basis upon which to afford a criminal defendant the same protection in the context of a pretrial hearing. In any event, even if we were persuaded that the protections outlined in Deck and Best extended to pretrial hearings (see People v Ashline, 124 AD3d 1258, 1259 [4th Dept 2015]), we are satisfied — upon our review of the hearing transcript — that Supreme Court articulated a particularized basis for denying defendant's request that his shackles be removed — namely, defendant's history of "numerous" violent felonies and the fact that he was in "segregated secure confinement." Notably, Supreme Court did not blindly acquiesce to the securing deputy's representation that defendant was a "security risk" but, rather, made its own independent assessment as to whether shackling defendant was required (compare People v Ashline, 124 AD3d at 1259).

Defendant next takes issue with Supreme Court's denial of his request to call the victim as a witness at the Wade hearing. Where, as here, a defendant does not assert that the pretrial

identification procedure was unduly suggestive, the decision to grant a defendant's request to call the complaining or identifying witness is a matter committed to the court's sound discretion (see People v Taylor, 80 NY2d 1, 15 [1992]; People v Chipp, 75 NY2d 327, 339 [1990], cert denied 498 US 833 [1990]; People v White, 79 AD3d 1460, 1461 [2010], lvs denied 17 NY3d 791, 803 [2011]).  Based upon our review of defendant's offer of proof, we do not find that Supreme Court abused its discretion in denying defendant's request on this point.  Moreover, "[a]ny improprieties in pretrial identification procedures can be investigated under the time-honored process of cross-examination" (People v Chipp, 75 NY2d at 338 [internal quotation marks and citation omitted]).  Defendant's remaining challenges to the manner in which the suppression hearing was conducted and/or Supreme Court's substantive rulings with respect thereto, have been examined and found to be lacking in merit.  Similarly, even assuming that defendant's objections to certain of Supreme Court's evidentiary rulings at trial have merit, we find any error in this regard to be harmless in light of the overwhelming evidence of defendant's guilt.

Nor do we find merit to defendant's multifaceted ineffective assistance of counsel claim, which is addressed to trial counsel and the two other attorneys who sequentially represented defendant during the various pretrial proceedings.  To the extent that defendant contends that pretrial counsel failed to properly investigate his case, facilitate his appearance at the grand jury proceeding or engage in certain motion practice and, further, pressured him to take a plea, such claims implicate matters outside the record and, as such, are properly the subject of a CPL article 440 motion (see People v Miner, 120 AD3d 1449, 1450 [2014]; People v McGowan, 117 AD3d 1202, 1202 [2014]; People v Davis, 114 AD3d 1003, 1003 [2014], lv denied 23 NY3d 962 [2014]).  As to the balance of defendant's claim, it is well settled that "[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, defendant will be deemed to have received the effective assistance of counsel" (People v Brock, 107 AD3d 1025, 1028 [2013], lv denied 21 NY3d 1072 [2013] [internal quotation marks and citations omitted]; see

People v Toye, 107 AD3d 1149, 1152 [2013], lv denied 22 NY3d 1091 [2014]; People v Wiltshire, 96 AD3d 1227, 1228-1229 [2012], lv denied 22 NY3d 1204 [2014]). Here, the attorneys at issue — individually and collectively — filed a comprehensive omnibus motion and otherwise engaged in appropriate pretrial motion practice, represented defendant's interests at the various suppression hearings, requested adjournments, effectively cross-examined the People's witnesses, rendered appropriate objections and made cogent opening and closing statements. Accordingly, despite any isolated and discrete shortcomings in counsels' respective performances, we are satisfied that defendant received meaningful representation (see People v Robinson, 123 AD3d 1224, 1227-1228 [2014]; People v Hughes, 114 AD3d 1021, 1024-1025 [2014], lv denied 23 NY3d 1038 [2014]; compare People v Bush, 107 AD3d 1302, 1303 [2013]).[1]

Finally, defendant asserts that he was deprived of a fair trial due to prosecutorial misconduct in the context of the People's summation. As we acknowledged in People v Forbes (111 AD3d 1154 [2013]), a case involving a somewhat similar summation,[2] "[s]ummations rarely are perfect. For that reason, we accord counsel a certain amount of leeway in this regard and recognize that not every improper comment made by the prosecuting attorney during the course of closing arguments warrants reversal of the underlying conviction. Rather, reversal is warranted [only] if the misconduct is such that the defendant suffered substantial prejudice, resulting in the denial of due process — a

---

[1]  Defendant's related claim — that Supreme Court erred in denying his motion for substitute counsel — is equally unavailing. "Because defendant failed to proffer specific allegations of a seemingly serious request sufficient to warrant substitution of counsel and was indeed afforded an opportunity to be heard, it cannot be said that Supreme Court abused its discretion in denying his request" (People v Edwards, 96 AD3d 1089, 1092 [2012], lv denied 19 NY3d 1102 [2012] [internal quotation marks and citation omitted]).

[2]  This Court's decision in Forbes was handed down in November 2013 — long after defendant's May 2011 trial.

determination that, in turn, hinges upon the severity and frequency of the conduct, whether the trial court took appropriate action to dilute the effect of the conduct and whether, from a review of the evidence, it can be said that the result would have been the same absent such conduct" (id. at 1160 [internal quotation marks and citations omitted]).

Here, there is no question that the prosecutor made more than one undeniably improper comment during the course of his summation – including, "[D]efendant has [a] right to a trial.  A fair trial by jury, he got that, now he's guilty," and "Don't allow [defendant] to walk the streets with [a] loaded gun."  This latter comment came on the heels of suggesting that the weapon that defendant was carrying at the time of his arrest "[m]aybe" could have been used to "kill somebody."  The prosecutor further suggested that defendant attempted to flee when initially approached by the police on the day of his arrest because he was in fact guilty, stating, "Like I said, are you running if you are not guilty?"  Additionally, the prosecutor stated that in order "to find the defendant not guilty you've got to believe that every single one of these witnesses[] came in here, put their hand[] on this [B]ible[] and they got up before you and lied.  Flat out lied.  That's what you have to believe[] to find [defendant] not guilty."  The prosecutor further assured the jurors that "this isn't some conspiracy" and invited the jurors to consider whether various members of the Albany Police Department and the State Police would "risk their whole careers" just to implicate defendant in a crime.

Despite the similarities between the summation given in Forbes and the matter now before us, we do not believe that reversal is warranted here.  Defense counsel raised numerous objections during the course of the People's summation – many of which were sustained – and Supreme Court both struck portions of the summation from the record and admonished the prosecutor in the presence of the jury.  Additionally, although "the comment made by the prosecutor regarding what the jury would need to believe in order to find that defendant was not guilty arguably shifted the burden of proof" (People v Forbes, 111 AD3d at 1159), the prosecutor here also made a point of reminding the jury that "the burden is still fully on me as the representative of the

People.  It never shifts, it never goes to [defendant]."
Further, while the conspiracy reference indeed was unwarranted
and improper, the prosecutor here did not go one step farther and
implicate the trial judge in such activity and, therefore,
managed to stop short of "pitting defendant against the very
judge who had presided over the course of the trial" (id.) — the
precise conduct that we found so inexcusable in Forbes.  In
short, upon reviewing the prosecutor's summation in its entirety,
we find it to be flawed but not fatal.  Accordingly, after
considering the comments made by the prosecutor, the remedial
actions undertaken by Supreme Court and the overwhelming evidence
of defendant's guilt, we are satisfied that the foregoing errors
were harmless and that reversal of defendant's conviction is
unwarranted.  Defendant's remaining contentions, to the extent
not specifically addressed, have been examined and found to be
lacking in merit.

Peters, P.J., Rose and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court