*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 18, 2015                    105102
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                   MEMORANDUM AND ORDER

RESEAN BLOUNT,
                        Appellant.
_____


Calendar Date:  April 21, 2015

Before:  Lahtinen, J.P., McCarthy, Garry and Rose, JJ.

_____


        Sandra M. Colatosti, Albany, for appellant, and appellant
pro se.

        P. David Soares, District Attorney, Albany (Brittany L.
Grome of counsel), for respondent.

_____


McCarthy, J.

        Appeal from a judgment of the County Court of Albany County
(Herrick, J.), rendered April 19, 2012, upon a verdict convicting
defendant of the crimes of criminal mischief in the second degree
and criminal possession of a forged instrument in the second
degree (eight counts).

        In January 2011, police officers were dispatched to a motel
to investigate a report, called in from a California resident,
indicating that her credit card had just been used, without her
prior authorization or consent, to rent a motel room in the Town
of Colonie, Albany County.  Upon arrival, police officers located
defendant, among others, in the motel room that had been rented
with the unauthorized credit card.  The officers also found,

among other things, a laptop computer, a credit card reader/skimmer device, numerous prepaid credit, debit and gift cards and various receipts for purchases made in and around the Capital District. Thereafter, a grand jury handed down a 16-count indictment charging defendant with one count each of criminal possession of forgery devices, unlawful possession of a skimmer device in the second degree and criminal mischief in the second degree and 13 counts of criminal possession of a forged instrument in the second degree. Following a jury trial, defendant was convicted of one count of criminal mischief in the second degree and eight counts of criminal possession of a forged instrument in the second degree. Defendant was thereafter sentenced, as a predicate felony offender, to an aggregate prison term of 9 to 18 years. Defendant now appeals.

Defendant's contention that he was convicted of multiplicitous counts is unpreserved given that he did not move before County Court to dismiss any counts on that basis (see People v Ariosa, 100 AD3d 1264, 1267 [2012], lv denied 21 NY3d 1013 [2013]; People v Thompson, 34 AD3d 931, 932 [2006], lv denied 7 NY3d 929 [2006]). In any event, defendant's invitation to this Court to invoke its interest of justice jurisdiction is unavailing given that the multiplicity argument is without merit. An indictment is considered multiplicitous when two or more separate counts charge the same crime (see People v Alonzo, 16 NY3d 267, 269 [2011]; People v Demetsenare, 243 AD2d 777, 779 [1997], lv denied 91 NY2d 833 [1997]). Here, although the seven contested counts allegedly occurred on the same day and refer to the same victims, they occurred at four different locations, each at distinct times, and constituted separate transactions referencing distinct credit, debit or gift card receipts, each for a different monetary value. Accordingly, none of the seven contested counts occurred during a "'single, uninterrupted occurrence'" with any of the other counts, and therefore, were this issue before us, we would find that the counts were not multiplicitous (People v Alonzo, 16 NY3d at 270, quoting People v Moffitt, 20 AD3d 687, 690 [2005], lv denied 5 NY3d 854 [2005]).

Next, defendant's motion to dismiss the indictment did not allege that the People presented materially false evidence to the grand jury or that there was legally insufficient evidence to

support the indictment and, therefore, those arguments are unpreserved for our review (see People v Goldston, 126 AD3d 1175, 1176; People v Whitehead, 119 AD3d 1080, 1081 [2014], lv denied 24 NY3d 1048 [2014]). Further, corrective action in the interest of justice is not warranted. The fact that the transaction receipts did not specifically name the victims, as alleged in the indictment, did not mean that there was not ample evidence to support the indictments; proof correlated the allegedly fraudulent purchases based upon credit/debit card numbers on the receipt. Otherwise, the errors in the indictment referencing a victim's name on receipts are insufficient to merit the exceptional remedy of dismissal (see People v Whitehead, 119 AD3d at 1081). Further, the record provides no support for a conclusion that the People relied on testimony that they knew to be false or that they "knowingly permitted any inaccurate testimony to stand" (People v Davis, 83 AD3d 1210, 1212 [2011], lvs denied 17 NY3d 794, 815 [2011]).

Defendant's contention that County Court failed to properly admonish the jury is also unpreserved (see People v Miller, 118 AD3d 1127, 1130 [2014], lv denied 24 NY3d 1086 [2014]; People v Payton, 31 AD3d 580, 581 [2006], lv denied 7 NY3d 850 [2006]). In any event, although the best practice is to include references to specific electronic communication methods and social media websites that are representative of those prohibited for communication and/or research purposes (see CJI2d[NY] Jury Admonitions in Preliminary Instructions [rev May 5, 2009]), County Court's admonitions here – referring to the Internet and electronic means of communication/research generally – did not deprive defendant of due process of law (see People v Williams, 46 AD3d 585, 586 [2007], lv denied 10 NY3d 772 [2008]).

Next, the People did not improperly withhold evidence. In order to establish a Rosario violation such as the one alleged, "'it is incumbent upon a defendant to show that the claimed Rosario material was available and was not turned over to the defense'" (People v Tucker, 40 AD3d 1213, 1215 [2007], lv denied 9 NY3d 882 [2007], quoting People v Gillis, 220 AD2d 802, 805 [1995], lv denied 87 NY2d 921 [1996]). Prior to trial, the People acknowledged that they had turned over all Rosario material, without objection from defendant. Otherwise, the

record is devoid of evidence that the People withheld <u>Rosario</u> material.  Accordingly, defendant's <u>Rosario</u> argument is without merit.

Finally, defendant was not deprived of the effective assistance of counsel.  Each of the alleged deficiencies relates to trial counsel's failure to pursue certain legal arguments that have been raised on this appeal.  Having addressed such arguments and having found each of them to be without merit, we conclude that defense counsel did not provide ineffective assistance in failing to further arguments that had "little or no chance of success" (<u>People v Stultz</u>, 2 NY3d 277, 287 [2004]; <u>see People v Desmond</u>, 118 AD3d 1131, 1136, [2014], <u>lv denied</u> 24 NY3d 1002 [2014]; <u>People v Bahr</u>, 96 AD3d 1165, 1167 [2012], <u>lv denied</u> 19 NY3d 1024 [2012]).

Defendant's remaining contentions lack merit.

Lahtinen, J.P., Garry and Rose, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court