■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL ARCE, Appellant. [55 NYS3d 465]—

Rose, J. Appeal from a judgment of the County Court of Tompkins County (Rowley, J.), rendered August 1, 2014, upon a verdict convicting defendant of the crimes of burglary in the second degree (two counts), criminal mischief in the fourth degree, criminal possession of stolen property in the fifth degree and petit larceny.

Responding to a 911 call reporting a burglary at an occupied residence, a police officer observed defendant, who closely matched the description of the perpetrator, walking a short distance away from the scene of the crime. Defendant was detained and handcuffed, as he was known to the officer as someone who had been physically combative with the police in the past. A few minutes later, an occupant of the residence who had been an eyewitness to the burglary arrived and positively identified defendant as the perpetrator. As a result, defendant was arrested and a subsequent search of his person revealed, among other things, jewelry belonging to one of the occupants of the residence. Defendant was thereafter charged by indictment with burglary in the second degree (two counts), criminal mischief in the fourth degree, criminal possession of stolen property in the fifth degree and petit larceny. Following a *Wade* hearing, County Court denied defendant's request to suppress testimony regarding the pretrial identification and the items discovered during the search of his person. A jury then convicted him as charged, and he was subsequently sentenced as a second violent felony offender to an aggregate prison term of eight years, followed by five years of postrelease supervision. He now appeals.

Defendant first contends that the identification evidence and the items found on his person should have been suppressed because his initial detention was unlawful and the use of handcuffs transformed the detention into a full-blown arrest requiring probable cause. Although facts were adduced at the suppression hearing regarding both his initial detention and the use of handcuffs, defendant concedes that he failed to articulate any argument as to the legality of these actions before County Court, thereby rendering this argument unpreserved for our review (*see People v Kindred*, 100 AD3d 1038, 1038-1039 [2012], *lv denied* 21 NY3d 913 [2013]; *People v Jones*, 8 AD3d 897, 898 [2004], *lv denied* 3 NY3d 708 [2004]). In any event, were we to review this argument, we would find that it

is without merit inasmuch as the record reflects that the seizure of defendant was made on the basis of reasonable suspicion that he was the perpetrator of the burglary (*see People v Ford*, 110 AD3d 1368, 1371 [2013], *lv denied* 24 NY3d 1043 [2014]; *People v Robinson*, 101 AD3d 1245, 1245-1246 [2012], *lv denied* 20 NY3d 1103 [2013]; *People v Turner*, 37 AD3d 874, 876 [2007], *lv denied* 8 NY3d 991 [2007]), and that the police officer's use of handcuffs was proper under the circumstances and did not transform the detention into an arrest requiring probable cause (*see People v Franqueira*, 143 AD3d 1164, 1166 [2016]; *People v Robinson*, 121 AD3d 1405, 1409 [2014], *lv denied* 24 NY3d 1221 [2015]; *People v Gatling*, 38 AD3d 239, 239-240 [2007], *lv denied* 9 NY3d 865 [2007]; *see generally People v Allen*, 73 NY2d 378, 379-380 [1989]).

Defendant also contends that the showup identification was unduly suggestive and, therefore, County Court erred in denying his motion to suppress the identification testimony. We disagree. The testimony from the *Wade* hearing established that the showup occurred during daylight, approximately 5 to 10 minutes after the eyewitness called 911 to report the burglary and within two to three blocks of the crime scene. Although defendant was handcuffed and standing between two police officers when the eyewitness was driven by for the identification, the police officer who transported the eyewitness testified that, from the eyewitness' vantage point in the backseat of the police car, the eyewitness would not have known that defendant was handcuffed. In light of the foregoing, we find that the showup identification "was not unduly suggestive considering the seamless chain of events from defendant's crime to apprehension to the identification, and the close geographic and temporal proximity to the crime" (*People v Brown*, 46 AD3d 1128, 1130 [2007] [internal quotation marks and citation omitted]; *accord People v Coleman*, 144 AD3d 1197, 1198 [2016]; *see People v Franqueira*, 143 AD3d at 1166). Accordingly, County Court properly denied defendant's motion to suppress.

We take a different view of defendant's contention that County Court erred in requiring his legs to be shackled throughout the trial. It is well settled that " '[a] defendant has the right to be free of visible shackles [during trial], unless there has been a case-specific, on-the-record finding of necessity' " (*People v Best*, 19 NY3d 739, 743 [2012], quoting *People v Clyde*, 18 NY3d 145, 153 [2011], *cert denied* 566 US 944 [2012]; *see Deck v Missouri*, 544 US 622, 624 [2005]; *People v Alexander*, 127 AD3d 1429, 1432 [2015], *lv denied* 25 NY3d 1197 [2015]). Here, the record reflects that defendant appeared

throughout the trial in leg shackles and that, despite black draping around the defense table, he twice participated in side bar conversations during voir dire, thereby suggesting to us that prospective jurors were able to view defendant's shackled legs. As justification for the use of leg shackles, County Court stated that defendant was "in the custody of state corrections" and "that's the level of security that I require under these circumstances." While defendant did not, at any point thereafter, request that a curative instruction be given, we must agree that County Court, in the first instance, erred inasmuch as its on-the-record explanation fell short of the type of case-specific reasoning required to explain why defendant, in particular, needed to be restrained (*see People v Whitehead*, 119 AD3d 1080, 1082 [2014], *lv denied* 24 NY3d 1048 [2014]; *compare People v Goldston*, 126 AD3d 1175, 1177-1178 [2015], *lv denied* 25 NY3d 1201 [2015]; *People v Robinson*, 64 AD3d 803, 803-804 [2009]; *People v Allaway*, 13 AD3d 715, 716 [2004]; *People v Stokes*, 290 AD2d 71, 74 [2002], *lv denied* 97 NY2d 762 [2002], *cert denied* 537 US 859 [2002]). However, upon our review of the entire record, we are satisfied that this error was harmless inasmuch as the evidence of defendant's guilt was overwhelming and "there is no reasonable possibility that [this error] affected the outcome of the trial" (*People v Best*, 19 NY3d at 744-745; *see People v Clyde*, 18 NY3d at 153-154; *People v Whitehead*, 119 AD3d at 1082; *People v Morillo*, 104 AD3d 792, 793-794 [2013], *lv denied* 22 NY3d 1201 [2014]).

Finally, in light of the fact that defendant committed the instant crimes while he was on parole for a prior burglary conviction and that his sentence was only one year more than the minimum sentence required by law (*see* Penal Law §§ 70.02 [1] [b]; 70.04 [3] [b]; 140.25), we find no abuse of discretion or extraordinary circumstances that would warrant disturbing the sentence imposed (*see People v Cioto*, 80 AD3d 875, 877 [2011], *lv denied* 16 NY3d 829 [2011]; *People v Mayerhofer*, 283 AD2d 672, 675 [2001]). Defendant's remaining claims, including his assertion that he received the ineffective assistance of counsel, have been reviewed and determined to be lacking in merit.

Garry, J.P., Lynch, Clark and Aarons, JJ., concur. Ordered that the judgment is affirmed.