People v Deshane (2018 NY Slip Op 02680)





People v Deshane


2018 NY Slip Op 02680


Decided on April 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 19, 2018

108636

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
LEONARD P. DESHANE JR., Appellant.

Calendar Date: February 13, 2018

Before: McCarthy, J.P., Lynch, Clark, Aarons and Pritzker, JJ.


Rural Law Center of New York, Castleton (Cynthia Feathers of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.


Aarons, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered March 28, 2016, upon a verdict convicting defendant of the crimes of burglary in the second degree and petit larceny.
Defendant was charged in a multicount indictment stemming from an incident where he broke into the victim's home and stole certain property. After a jury trial, defendant was found guilty of burglary in the second degree and petit larceny. County Court thereafter sentenced defendant as a second felony offender to an aggregate prison term of eight years, to be followed by five years of postrelease supervision. This appeal by defendant ensued.
Defendant's sole contention on appeal is that a new trial should be ordered due to the prosecutor's improper remarks during summation. In determining whether a defendant was deprived of a fair trial due to alleged improper comments, "we consider [their] severity and frequency, the corrective action taken, if any, and whether the result would likely have been the same in the absence of the conduct" (People v Casanova, 119 AD3d 976, 979 [2014]; see People v De Vito, 21 AD3d 696, 700 [2005]). "[I]f the misconduct is such that the defendant suffered substantial prejudice, resulting in the denial of due process," reversal is warranted (People v Goldston, 126 AD3d 1175, 1179 [2015] [internal quotation marks and citation omitted], lv denied 25 NY3d 1201 [2015]; see People v Rupnarine, 140 AD3d 1204, 1205-1206 [2016]; People v Hunt, 39 AD3d 961, 963 [2007], lv denied 9 NY3d 845 [2007]).
Contrary to defendant's assertion, the prosecutor did not improperly vouch for the credibility of certain witnesses. During his summation, defense counsel attempted to cast doubt [*2]on the credibility of the witnesses, specifically stating with respect to one witness, "Is he credible?" As to another witness, defense counsel brought to the jury's attention the witness' prior convictions and further stated, "Why did he lie to you on the stand?" The prosecutor's comments during his summation, in our view, were a proper response to defense counsel's attacks on the credibility of the witnesses (see People v Heiserman, 127 AD3d 1422, 1424 [2015]; People v Pine, 82 AD3d 1498, 1502 [2011], lv denied 17 NY3d 820 [2011]; People v Williamson, 77 AD3d 1183, 1184-1185 [2010]). In any event, County Court sustained defendant's objections thereto and instructed the jury to disregard them (see People v Milford, 118 AD3d 1166, 1171 [2014], lv denied 23 NY3d 1065 [2014]; People v Simmons, 111 AD3d 975, 980 [2013], lv denied 22 NY3d 1203 [2014]).
With respect to the prosecutor's remark that defense counsel was engaging in "misdirection," such remark was a fair response to defense counsel's summation (see People v Grady, 40 AD3d 1368, 1374-1375 [2007], lv denied 9 NY3d 923 [2007]; People v Greene, 13 AD3d 991, 993 [2004], lv denied 5 NY3d 789 [2005]; People v Barber, 13 AD3d 898, 900-901 [2004], lv denied 4 NY3d 796 [2005]). Likewise, the prosecutor's comment about the absence of a former codefendant from trial was in response to the remarks by defense counsel. While defendant also takes issue with the prosecutor's comment that one witness was "brutally honest," County Court properly concluded that such remark was fair comment on the evidence, namely the witness' forthright testimony about her involvement in the burglary and her past addiction to drugs (see People v Anderson, 149 AD3d 1407, 1414 [2017], lv denied 30 NY3d 947 [2017]; People v Pine, 82 AD3d at 1502).
Although the prosecutor's remark that defense counsel was "championing the art of deception" was better off left unsaid, County Court sustained defendant's objection thereto and reminded the prosecutor that he could comment on the evidence and not defense counsel (see People v Wlasiuk, 136 AD3d 1101, 1103 [2016], lv denied 27 NY3d 1009 [2016]). We further note that defendant did not request any additional curative instructions (see People v Carney, 110 AD3d 1244, 1245 [2013]). As to any improper remarks verbalized by the prosecutor that were displayed on his visual aids, we perceive no prejudice given that County Court sustained defendant's objections thereto, directed the prosecutor to remove the objected-to information and instructed the jury to disregard them (see People v Simmons, 111 AD3d at 980; People v Mateo, 101 AD3d 1458, 1460 [2012], lv denied 21 NY3d 913 [2013]).
Defendant's remaining grievances with the prosecutor's summation have been considered and lack merit. Additionally, given the strength of the evidence adduced against defendant at trial, we find that the result would have likely been the same, even if the prosecutor had delivered a perfect summation (see People v Goldston, 126 AD3d 1175, 1180-1181 [2015], lv denied 25 NY3d 1201 [2015]; People v Story, 81 AD3d 1168, 1169 [2011]). In sum, viewing the prosecutor's summation as a whole and in relation to the evidence adduced at trial and defense counsel's summation, and taking into account County Court's instructions to the jury before and after closing statements that remarks therein did not constitute evidence, we find no basis to order a new trial (see People v White, 79 AD3d 1460, 1464-1465 [2010], lvs denied 17 NY3d 791, 803 [2011]; People v Alexander, 255 AD2d 708, 710 [1998], lv denied 93 NY2d 897 [1999]; People v Patterson, 83 AD2d 691, 692 [1981]).
McCarthy, J.P., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.