People v Coler (2023 NY Slip Op 01547)

People v Coler

2023 NY Slip Op 01547

Decided on March 23, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 23, 2023

111298 
[*1]The People of the State of New York, Respondent,
v
John G. Coler, Appellant.

Calendar Date:February 23, 2023

Before:Lynch, J.P., Aarons, Pritzker, Fisher and McShan, JJ.

Rural Law Center of New York, Inc., Castleton (Kelly L. Egan of counsel), for appellant, and appellant pro se.
Karen A. Heggen, District Attorney, Ballston Spa (John B. Latella III of counsel), for respondent.

Aarons, J.
Appeal from a judgment of the County Court of Saratoga County (James A. Murphy III, J.), rendered November 8, 2018, convicting defendant upon his plea of guilty of the crimes of rape in the third degree and criminal sale of marihuana in the second degree (two counts).
Defendant was charged in a 10-count indictment with crimes that stemmed from allegations of a sexual and drug-related nature. Pursuant to a negotiated disposition, defendant purportedly waived his right to appeal and pleaded guilty to rape in the third degree and two counts of criminal sale of marihuana in the second degree. Consistent with the terms of the plea agreement, County Court sentenced defendant to an aggregate term of imprisonment of seven years to be followed by 10 years of postrelease supervision. Defendant appeals.
We affirm. Initially, as the People concede, the waiver of appeal is invalid. Given the invalid appeal waiver, defendant's challenge to the severity of the sentence is not precluded. However, upon review of the record and the seriousness of the underlying conduct, the agreed-upon sentence is not "unduly harsh or severe" (CPL 470.15 [6] [b]; see People v Shackelton, 177 AD3d 1163, 1166 [3d Dept 2019], lv denied 34 NY3d 1162 [2020]; People v Wright, 149 AD3d 1417, 1418 [3d Dept 2017]). Defendant's claim that County Court considered improper factors and/or information in imposing the sentence is unpreserved for appellate review (see People v Chrisotome, 167 AD3d 644, 645 [2d Dept 2018], lv denied 32 NY3d 1202 [2019]; People v White, 139 AD3d 1260, 1260 [3d Dept 2016]). To the extent that defendant seeks relief based upon the enactment of the Marihuana Regulation and Taxation Act (L 2021, ch 92), which repealed Penal Law article 221 and enacted Penal Law article 222, such relief must be sought in the court of conviction by way of petition, and there is no indication here that defendant has yet done so (see CPL 440.46-a; People v Hall, 202 AD3d 1485, 1486 [4th Dept 2022], lv denied 38 NY3d 1134 [2022]).
Contrary to defendant's pro se contention, by pleading guilty, defendant forfeited his claims relating to the legal sufficiency of the evidence presented to the grand jury (see People v Hansen, 95 NY2d 227, 232-233 [2000]; People v Carston, 163 AD3d 1166, 1167 [3d Dept 2018], lv denied 32 NY3d 1002 [2018]). To the extent that defendant argues that the integrity of the grand jury proceeding was impaired through the presentation of false evidence, he failed to preserve this claim (see People v Blount, 129 AD3d 1303, 1305 [3d Dept 2015], lv denied 27 NY3d 992 [2016]; People v Goldston, 126 AD3d 1175, 1176 [3d Dept 2015], lv denied 25 NY3d 1201 [2015]). Defendant's pro se claim of ineffective assistance of counsel, to the extent that it impacts the voluntariness of the plea, is similarly unpreserved as the record does not reflect that defendant made an appropriate postallocution motion (see People v West, 210 AD3d 1194, 1195 [3d Dept 2022], lv denied ___ NY3d ___ [*2][Feb. 22, 2023]; People v Rubert, 206 AD3d 1378, 1380 [3d Dept 2022], lv denied 39 NY3d 942 [2022]). The balance of defendant's ineffective assistance of counsel claim involves matters outside of the record and is more appropriately addressed in a CPL article 440 motion (see People v West, 210 AD3d at 1195).
Lynch, J.P., Pritzker, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.