People v Mosher (2024 NY Slip Op 02230)

People v Mosher

2024 NY Slip Op 02230

Decided on April 25, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 25, 2024

113131
[*1]The People of the State of New York, Respondent,
v
Alexander S. Mosher, Appellant.

Calendar Date:February 23, 2024

Before:Garry, P.J., Aarons, Lynch, Fisher and Mackey, JJ.

G. Scott Walling, Slingerlands, for appellant.
Matthew Van Houten, District Attorney, Ithaca (Andrew J. Bonavia of counsel), for respondent.

Aarons, J.
Appeal from a judgment of the County Court of Tompkins County (John C. Rowley, J.), rendered July 9, 2021, upon a verdict convicting defendant of the crime of menacing in the second degree (two counts).
Defendant, who had just been escorted out of a hospital emergency department for displaying aggressive behavior toward staff members, attempted to leave the premises in one of the hospital's wheelchairs. When security guards prevented him from doing so and instructed him that he could not smoke on hospital property, an altercation ensued, during which defendant pointed a knife at the security guards and threatened to stab them. As a result of this incident, defendant was charged by indictment with criminal possession of a weapon in the third degree and two counts of menacing in the second degree. Following a jury trial, defendant was found guilty as charged. After defendant successfully moved to set aside the verdict with respect to his criminal possession of a weapon conviction (see CPL 330.30), County Court sentenced defendant to consecutive terms of incarceration. Defendant appeals. We affirm.
As to menacing in the second degree, defendant argues that the verdict is against the weight of the evidence because the evidence did not show that he intentionally placed or attempted to place another person in reasonable fear of physical injury, serious injury or death.[FN1] We disagree. Testimony from the security guards and a paramedic, along with video evidence, established the essential elements of the crime charged (see Penal Law § 120.14 [1]). Further, both guards testified that, when defendant brandished the knife at them, they feared for their own safety as well as the safety of others. Because there were inconsistencies in the witnesses' accounts of the incident, an acquittal would not have been unreasonable (see People v Miller, 160 AD3d 1040, 1043 [3d Dept 2018], lv denied 32 NY3d 939 [2018]). Nevertheless, those inconsistencies presented a credibility determination for the jury to resolve (see People v Weiss, 99 AD3d 1035, 1038 [3d Dept 2012], lv denied 20 NY3d 1015 [2013]). Deferring to their resolution and viewing the evidence in a neutral light, the verdict is not against the weight of the evidence (see People v Ward, 141 AD3d 853, 857-858 [3d Dept 2016]; People v Beverly, 74 AD3d 1480, 1481 [3d Dept 2010], lv denied 15 NY3d 802 [2010]; People v Hargett, 11 AD3d 812, 814 [3d Dept 2004], lv denied 4 NY3d 744 [2004]).
Next, County Court's order directing defendant to wear leg shackles during trial was erroneous. "It is well settled that a defendant has a right to be free of visible restraints during criminal proceedings unless the trial court states a case-specific reason for their use" (People v Banch, 198 AD3d 1186, 1189 [3d Dept 2021] [internal quotation marks and citations omitted], lv denied 37 NY3d 1144 [2021]). The court explained that it adopted the practice of shackling defendants about the ankles in cases where it "consider[ed] the [*2]charges to be serious or the circumstances to be fluid," and that the practice "[was] not particular to" defendant. Routine shackling of defendants as a matter of policy, however, runs afoul of due process (see People v Sanders, 39 NY3d 216, 220 [2023]; see generally Deck v Missouri, 544 US 622, 627-632 [2005]).[FN2] The court went on to state that defendant was in custody, that "he struggle[d] with control of his emotions on occasion" and that his release status had been revoked twice prior to trial. Still, these explanations did not suffice to justify the use of leg shackles throughout the trial (see People v Banch, 198 AD3d at 1189; compare People v Jenner, 39 AD3d 1083, 1087-1088 [3d Dept 2007], lv denied 9 NY3d 845 [2007]). Further, even though the court noted that black bunting had been installed around the tables where defendant and the prosecutor sat to block the jury's view, we cannot conclude on the record before us that the jury was not aware or could not infer that defendant had been shackled (see People v Cruz, 17 NY3d 941, 944 [2011]; compare People v Alexander, 127 AD3d 1429, 1432 [3d Dept 2015], lv denied 25 NY3d 1197 [2015]). In light of this possibility, the court should have issued curative instructions (see People v Dawson, 125 AD2d 860, 861 [3d Dept 1986], lv denied 69 NY2d 879 [1987]). Nevertheless, because the evidence of defendant's guilt was overwhelming and there is no reasonable possibility that defendant's unjustified shackling affected the outcome of the trial, this constitutional error was harmless (see People v Best, 19 NY3d 739, 744 [2012]; People v Clyde, 18 NY3d 145, 153-155 [2011], cert denied 566 US 944 [2012]).
Garry, P.J., Lynch, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Defendant's legal sufficiency contention is not preserved because the ground raised on appeal was not raised in his trial motion to dismiss (see People v Franklin, 216 AD3d 1304, 1305 [3d Dept 2023], lv denied 40 NY3d 934 [2023]).

Footnote 2: Indeed, County Court has previously been faulted by this Court for proffering the same nonspecific justification for the use of leg shackles — i.e., requiring leg shackles for any criminal defendant in custody (see People v Arce, 150 AD3d 1403, 1406 [3d Dept 2017], lv denied 29 NY3d 1090 [2017]).